[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Middlesex Insurance Company (Middlesex), has moved for summary judgment in this action by the plaintiff, Marion Lees, claiming violations of General Statutes 38-61, the Connecticut Unfair Insurance Practices Act (CUIPA),[1] and General Statutes 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The factual background in this case is contained in the Supreme Court's decision in Lees v. Middlesex Insurance Company, 219 Conn. 644, 594 A.2d 952
(1991), which held that the one-year period of limitation contained in the insurance policy at issue for the bringing of suit did not apply to CUIPA and CUTPA. The case was remanded to this court for further proceedings with respect to the two statutory claims.
The plaintiff brought a three count complaint, alleging in the first count a breach of the insurance policy based on the defendant's refusal to pay her claim of approximately $46,000 for loss of personal property occasioned by a fire in her dwelling in Trumbull on May 9, 1982. The second count asserted in violation of CUIPA, and the third a violation of CUTPA.
In response to a request to revise, plaintiff alleged that defendant failed to (i) act with reasonable promptness in either affirming or denying coverage, in violation of General Statutes 38-61(6)(e); (ii) act in good faith with regard to settling her claim, 38-61(6)(f); and (iii) give her a reasonable explanation for denying her claim, 38-61(6)n.
The defendant Middlesex's motion for summary judgment argues that (i) the plaintiff had failed to offer any evidence that the manner in which defendant processed her claim amounted, in the words of General Statutes 38-61, to a general business practice;[2] (ii) a private individual may not pursue a CUIPA claim; and (iii) the plaintiff did not suffer any ascertainable loss permitting a recovery under CUTPA.
In support of its motion the defendant submitted answers by the plaintiff to requests to admit; Practice Book 239; in which the plaintiff CT Page 8411 acknowledged that her premises at 228 Stonehouse Road in Trumbull had been leased to third parties and also certain provisions of the policy which excluded coverage if the plaintiff leased the subject premises. According to defendant, this justified its decision to reject plaintiff's claim for loss of contents. The defendant did not however provide any retort to the plaintiff's assertions regarding its conduct in processing her claim which is the gravamen of CUIPA and CUTPA actions.
In opposing summary judgment, the plaintiff submitted her own affidavit which makes the following points: (i) the fire occurred on May 9, 1982; (ii) the plaintiff filed proofs of claim in a timely fashion covering both loss of the premises itself as well as loss of the contents or personal properly within the home; (iii) in August 1982 the defendant advised Mrs. Lees that her proof of loss claims were excessive and premature; (iv) in November, 1982 defendant paid the plaintiff approximately $62,500 for the loss of her dwelling including loss of rents, but did not provide her with an explanation for its refusal to pay for loss of contents: and (v) defendant never advised plaintiff that it was denying her claim for loss of contents nor afforded her a written explanation for its reasons.
The defendant now moves (#124) for summary judgment on all counts; Practice Book 379; claiming that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law. The criteria for the granting of a summary judgment were summarized by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293, 296-297,600 A.2d 1040 (1991); (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) a material fact is one that will make a difference in the outcome of the case; (iii) the moving party has the burden of proving the nonexistence of any material fact; (iv) the evidence must be viewed in the light most favorable to the nonmovant; and (v) the test is whether the moving party would be entitled to a directed verdict on the same facts.
Another recent case, Wadia Enterprises, Inc. v. Hirschfeld,27 Conn. App. 162, 166, 168-70, 604 A.2d 1339 (1992), sets forth the obligations of the nonmovant: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough. . .merely to assert the existence of such a disputed issue. . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" (v) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue;" CT Page 8412 and (vi) a claim that summary judgment is not appropriate because "intent" is involved "does not relieve [the nonmovant] from presenting a requisite factual predicate for its claim."
I believe that this case can be resolved by way of summary judgment because the motion presents two purely legal issues, which are whether CUIPA applies to the rejection of Mrs. Lees' claim, and whether a private party such as the plaintiff can initiate a claim under this statute.
This case necessarily involves an analysis of Mead v. Burns,199 Conn. 651, 509 A.2d 11 (1986), which held, among other things, that (i) a CUIPA claim is a statutory cause of action distinct from an action on the underlying policy; (ii) a private cause of action exists under CUTPA to enforce alleged CUIPA violations provided the alleged conduct also violates CUIPA; (iii) "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurer misconduct." Id., 659; (iv) to state a claim for violations of CUIPA, one must show that the insurance company engaged in conduct indicating a "general business practice;" Id., 664; and (v) "isolated instances of unfair insurance settlement practices" do not constitute a violation of CUIPA. Id., 666.
The only insurer misconduct that the plaintiff alleges relates to her own loss arising from the May 9, 1982 fire. The issue, therefore, is whether the various acts of misconduct, including delay, lack of explanation, and refusal to pay, can constitute a general business practice if they all relate to only one plaintiff and one loss. I believe these actions are in reality one act on the part of Middlesex. There is only one person involved, Marion Lees, and one insurance policy. The conduct of the defendant involving only this particular plaintiff cannot, it seems to me, constitute a general business practice. The plaintiff cites several subdivisions of the statute but in reality what is at issue is the defendant's refusal to pay this plaintiff's claim for loss of contents.
The Mead case points out that discovery and a class action are available to a plaintiff to prove a general business practice. The plaintiff in her memorandum cites several cases in various courts involving Middlesex, but nothing specific about the issues, the facts, or the outcome of the cases.
There is clearly a split of authority in the Superior Court whether several alleged violations of General Statutes 38-61(6), all against the same person, constitute a general business practice. For example, Sambucco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. No. 3, 90 (June 3, 1991), holds that such violations do rise to a general business practice, whereas Henderson v. Aetna Life Casualty Co., 5 Conn. L. Rptr. 13, 342 (January 13, 1992), holds the opposite, as does Bueneventura v. Savings Bank Life Insurance Co., 2 Conn. L. Rptr. 748 (1990)("[T]he claim of the plaintiffs is limited solely to the actions of the defendant in this particular instance. Such conduct will not support a claim of the statutory violation"). I believe that a general business practice under CUIPA CT Page 8413 requires conduct aimed at more than one individual such as the plaintiff in this case.
Although not necessary to the resolution of this motion, it should be noted that there is also a split of authority on whether CUIPA permits a private cause of action. Our Supreme Court has twice expressly reserved decision on the issue. Mead, supra, 657 n. 5; Griswold v. Union Labor Fire Ins. Co., 186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982).
It is somewhat difficult to accept the argument that the court can imply a private cause of action in a statute that only authorizes the insurance commissioner to investigate whether CUIPA has been violated. See General Statutes 38a-815. Clearly the statute does not expressly provide for a private cause of action, in contrast to CUTPA, under which "any person" who suffers any ascertainable loss may institute suit. General Statutes 42-110g. One could infer that if the Legislature intended to permit a private person to initiate a claim, it could have readily done so in the same explicit fashion as in CUTPA.
CUIPA appears to be a regulatory statute governing the insurance industry and preventing generalized unfair insurance practices. Private causes of action could interfere with the statute's regulatory scheme.
In any event, it is not necessary to rule on the private cause of action issue, as summary judgment is granted in favor of the defendant for plaintiff's failure to offer any evidence that the defendant's conduct vis a vis Marion Lees constituted a generalized course of conduct.
Accordingly, judgment may enter against the plaintiff and in favor of the defendant Middlesex dismissing both the CUIPA and CUTPA claims, as the latter are not permissible absent a viable CUIPA claim. Costs to be taxed by the clerk.
So Ordered.
Dated at Bridgeport, Connecticut this 3rd day of September, 1992.
William B. Lewis, Judge