[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted suit against the defendant asserting a claim, in the First Count, that a yacht owned by the plaintiff sank and that the defendant has failed to pay a claim in accordance with the terms and conditions of a policy of insurance issued to the plaintiff. In the Second Count, the plaintiff alleges that the defendant "has neglected and refused to pay the Plaintiff's claim without conducting reasonable investigations upon all available information; did not attempt in good faith to effectuate prompt, fair and equitable settlement of the Plaintiff's claim in which liability had become reasonably clear; compelling plaintiff to institute litigation to recover the amount due under said insurance policy. The plaintiff therefore claims, in the Second Count, that the acts of the defendant constitute an unfair insurance practice in violation of General Statutes 38a-815 et. seq. (CUIPA). In the Third Count, the plaintiff incorporates the allegations of the First and Second Counts and asserts that the actions of the defendant constitute an unfair trade practice under General Statutes 42-110a et. seq. (CUTPA).
The defendant has filed a Motion to Strike the Second Count on the ground that the plaintiff does not allege that the acts of the defendant were performed with such frequency as to indicate a general business practice and, therefore, no cause of action has been stated under CUIPA. The defendant has also filed a Motion to Strike the Third Count of the complaint on the grounds that the failure to state a claim under CUIPA defeats a cause of action under CUTPA.
Under General Statutes 38a-816(6), unfair insurance claims settlement practices are defined as "[C]ommitting or performing with such frequency as to indicate a general business practice" the listed prohibited activities. Under Mead v. Burns, 199 Conn. 651
(1986), there has been legislative determination that isolated instances of unfair insurance settlement practices are not so violative of public policy as to warrant statutory intervention and that a claim under CUIPA requires a showing of more than a single act of insurance misconduct.
In the present action the claim involves a loss of one yacht CT Page 7180 under one policy of insurance and essentially involves a single claim. While the plaintiff does allege a failure to investigate, settle, and pay, such actions do not constitute a claim of a general business practice. Less v. Middlesex Insurance Company,7 CSCR 1109 (Lewis, J., 1992) and cases therein cited; but see, Sambuco v. Aetna Casualty Surety Company, 4 Conn. L. Reptr. 74 (Karazin, J., 1991).
Where a plaintiff alleges failure to investigate, resolve, or pay only the plaintiff's claims, and makes no allegations that the defendant similarly failed to settle similar claims presented by other claimants, the plaintiff has failed to allege that the defendant committed wrongful acts under CUIPA with such frequency as to indicate a general business practice. Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 662 and 672 (1992).
The defendant agrees that, under Mead v. Burns, supra, the failure to set forth a claim under CUIPA defeats an action under CUTPA. Accordingly, as the claim under the Second Count is not viable, the claim under the Third Count cannot stand.
Accordingly, the Motion to Strike the Second and Third Counts, and the relief claimed thereunder, is hereby granted.
RUSH, J.