[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Clearheart Construction Company, Inc. instituted this proceeding in seven (7) counts and subsequently filed a ten count substituted complaint seeking, inter alia, damages arising out of the alleged wrongful conduct of its insurer, Aetna Casualty and Surety Company (hereinafter "Aetna"). In that complaint, it asserts that it is "in the business of fitting up tenant spaces for retail outlets throughout the United States," and therefore hires construction personnel in the area where it performs those services. The complaint continues and recites that it contacted The Settle Agency ("Settle") in an effort to secure insurance coverage, including workers' compensation coverage. Settle agreed to obtain workers' compensation insurance that would cover CT Page 7367 all of Clearheart's workers, whether they resided within or without this state's borders. It (Settle) did in fact procure a policy of workers' compensation and a policy of employer's liability from Aetna. The effective dates of the subject policies were from June 25, 1991 through January 3, 1992.
One of Clearheart's employees, Darrell Taylor, who was a Maine resident, was injured on September 5, 1991. A claim for those injuries was presented to Aetna which was subsequently denied under a policy exclusion which applies to the State of Maine. Clearheart challenges that denial relying on a policy requirement under which it had previously submitted "tax reports, payroll and disbursement records" to the defendant, and that these documents revealed to the defendant that it employed a number of workers in Maine. It contends that despite the fact that Aetna was on notice as to where its employees were located, it chose not to advise Clearheart of the absence of coverage for the Maine employees and maintained its silence thereon while it continued to collect premiums. The denial of coverage forced Clearheart to retain counsel in Maine, as well as to settle the Taylor claim.
Counts one through three are directed at Settle and sound in breach of contract, negligence, and negligent misrepresentation. Four through six are focused on Aetna and sound in breach of contract, negligence, and estoppel. Seven and eight sound in violations of our Unfair Insurance Practices Act (CUIPA), Sec.38a-816 (1)(a) of the General Statutes, and our Unfair Trade Practices Act (CUTPA), Sec. 42-110(b). The remaining counts are redirected at Settle and claim violations of both CUIPA and CUTPA. Aetna has moved to strike counts seven and eight (7 and 8), arguing alternatively that: (1) count seven is legally insufficient as Connecticut does not recognize a private cause of action for alleged violations of CUIPA; and, (2) if count seven is found to be legally insufficient, count eight must also be legally insufficient as no cause of action exists against an insurance company based on CUTPA unless the cause of action alleges the manner in which the insurance conduct violated CUIPA.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it is of no moment whether or not the party can prove the allegations at trial. Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford, Inc., 39 Conn. Sup. 129, 131 (Super CT Page 7368 Ct., 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action.Mingachos v. CBS, Inc., 196 Conn. 91, 108.
Section 38a-816 provides, in part, that:
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance: (1) Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy. . . .
"`Unlike CUTPA, CUIPA does not expressly create a private right of action. Rather, it is a regulatory statute granting certain powers to the insurance commissioner. . . . There is no provision for a private right of action.'" Covino v. Jacovino,8 CSCR 822 (August 16, 1993, Sullivan, J.), quoting Scheer v. Chubb Son, Inc., 9 Conn. Law Trib. No. 17, p. 13, 16 (D. Conn., December 14, 1982, Burns, J.). "While the Connecticut Supreme Court has held that a violation of CUIPA may be actionable as an unfair trade practice; see Mead v. Burns, 199 Conn. 651, 663,509 A.2d 11 (1986); it has expressly declined to rule on the question of whether an individual may maintain a private cause of action for damages under CUIPA alone. See Id., 657 n. 5." Id. A plaintiff may, however, bring a private cause of action under CUTPA for a violation of CUIPA. Lees v. Middlesex Ins. Co.,219 Conn. 644, 654 (1991).
There are, however, some coordinate decisions which have recognized a private cause of action under CUIPA itself. SeeSambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.); Cecere v. EBI Indemnity Co.,2 Conn. L. Rptr. 520, 521 (October 2, 1990, Hammer, J.); Thompson v.Aetna Life Casualty Co., 2 CSCR 648, 649 (May 15, 1987, Satter, J.); Covino v. Jacovino, supra. Other cases indicate that a private right of action under CUIPA does not exist. See Warner v.Sanford Hall Agency, 8 CTLR 333 (February 10, 1993, Wagner, J.);Lees v. Middlesex Ins. Co., 7 CSCR 1109 (October 5, 1992, Lewis, J.); Langlais v. Guardian Life Ins. Co., 7 CTLR 34, 36 (July 7, 1992, Lewis, J.). CT Page 7369
Aetna concedes, as indeed it must, that the Superior Courts of this state are split on the issue. However, Aetna postulates that the better reasoned view is that CUIPA does not provide for a private cause of action, and cites Secs. 38a-817 and 38a-815 in support of this view.[1] Based on those statutory sections, Aetna would prevail upon this court to hold that since only the insurance commissioner is vested with the authority to bring a cause of action under CUIPA, the seventh count of Clearheart's substituted complaint should be stricken.
Clearheart also recognizes the existent dichotomy on this issue, but responds that the statutory sections cited by Aetna, which ostensibly vest the insurance commissioner with the authority to bring a cause of action under CUIPA, does not state that the administrative proceeding provides the exclusive remedy. That argument proceeds to what it urges should be the logical conclusion that CUIPA fails to adequately protect policy holders from unlawful practices of insurance companies and, therefore, this court should allow it to pursue this action under CUIPA.
In Mead v. Burns, supra, the court held that the trial court was correct in construing CUIPA to require Clearheart to prove, in accordance with Sec. 38-61 (6) of the General Statutes[2], more than a single act of insurance misconduct to establish a claim of unfair settlement practices. Therefore, the court inMead held that the motion to strike the count alleging a CUIPA violation was properly granted. In so holding, the court in Mead
further stated, "[t]he plaintiff having elected not to amend his complaint thereafter, the judgment for the defendant on this count was not in error." Mead v. Burns, supra, 661. The language of Mead (Mead addressed a motion to strike alleging a CUIPA violation based on a different statutory subsection from the present action) clearly demonstrates that Clearheart has not sufficiently alleged a violation of Sec. 38a-816 (1).
The seventh (7th) count contains language, inter alia, that Aetna's act of charging and collecting additional premiums for the Maine resident employees without providing corresponding coverage constitutes a misrepresentation of insurance policy benefits, advantages, conditions or terms in violation of Sec.38a-816 (1)(a) of the Connecticut General Statutes. A motion to strike never addresses legal conclusions or opinions stated in a complaint. See Mingachos v. CBS, Inc., supra, 108. The motion to strike is, accordingly, granted. The seventh (7th) count of CT Page 7370 the substituted complaint being legally insufficient, the eighth (8th) count, predicated upon the allegations of the seventh (7th) must, of necessity, be held to be fatally flawed. The motion to strike is, accordingly, granted.
Moraghan, J.