[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Samuel L. Berman, alleges in a four count complaint that the defendant, the Prudential Insurance Company of North America (Prudential), sold him a life insurance policy despite the fact that he had ordered an investment vehicle, referred to as a PRUCO income product. The first count alleges fraud; the second claims a violation of General Statutes 38-60 et seq., now codified as 38a-815 et seq., the Connecticut Uniform Insurance Act (CUIPA); the third count alleges a violation of General Statutes 42-110a et. seq., the Connecticut Unfair Trade Practices Act (CUTPA); and the fourth asserts a violation of General Statutes 36-470 et seq., the Connecticut Uniform Securities Act (CUSA). CT Page 6620-DD
Prudential has moved (# 121) for a summary judgment as to counts two and four, CUIPA, and CUSA, respectively, on the grounds that CUIPA does not provide for a private right of action, and that CUSA does not regulate life insurance contracts. The plaintiff did not contest the motion for summary judgment as to the fourth count, and therefore a summary judgment in favor of the defendant may enter as to that count. The plaintiff does, however, contend that CUIPA permits a private cause of action as alleged in his second count, citing various Superior Court cases, as well as Lees v. Middlesex Insurance Company, 219 Conn. 644,594 A.2d 952 (1991). The defendant points out there is a split of authority on this issue in the Superior Court, and denies that Lees recognises [recognizes] a private cause of action.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., supra, 650. Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS. Inc., 196 Conn. 91, 111, 491 A.2d CT Page 6620-EE 368 (1985). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990).
General Statutes 38a-815 states in relevant part that "[n]o person shall engage in this state in any trade practice which is defined in section 38a-816 as . . . an unfair or deceptive act or practice in the business of insurance. . . . "Section 38a-816
describes unfair methods of competition and unfair and deceptive acts or practices in the business of insurance as including misrepresentations and false advertising of insurance policies; false information and advertising generally; defamation; boycott, coercion and intimidation; false financial statements; unfair claim settlement practices; failure to maintain complaint handling procedures; misrepresentation in insurance applications; discrimination; and failure to pay certain claims in a timely fashion.
The issue is whether Lees recognizes a private cause of action. The decision states that "we have held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations." Id., 654. Lees also refers to the court's "recognition of CUIPA and CUTPA claims as independent actions based on factual inquires and sources of duty separate from actions on the policy." Id., 657. CT Page 6620-FF
We recognize that one may bring a cause of action under CUTPA for a violation of CUIPA. Mead v. Burns, 199 Conn. 651,663, 509 A.2d 11 (1986). If the violation of CUIPA is an unfair claims settlement practice, General Statutes 38a-816(6), the plaintiff must prove that the defendant committed the acts with such frequency as to indicate a general business practice. Id., 659. A plaintiff may not bring a cause of action under CUTPA which does not violate CUIPA, where the alleged misconduct is related to the insurance industry. Id., 666.
Recognizing that there are differing rulings in this court regarding whether there is a direct private cause of action under CUIPA,[1] I adhere to my views expressed in Lees v. Middlesex Insurance Co., 7 CSCR 1109 (1992), that since this statute is essentially a regulatory statute governing the insurance industry, unlike CUTPA, it does not expressly create a private cause of action. Moreover, our Supreme Court in Mead v. Burns, supra, 658, in holding that 38a-816(6) (formerly 38-61(6)), required a litigant to prove more than a single act of misconduct to establish a claim of unfair insurance practices, expressly declined to rule as to whether a private action could be brought under CUIPA. Mead determined, however, that it was possible to state a cause of action under CUTPA for a violation of CUIPA but characterised [characterized] CUIPA as a penal statute requiring a construction "limiting rather CT Page 6620-GG than expanding civil liability." We read the Mead decision as limiting the scope of CUIPA as far as private actions are concerned.
Therefore, summary judgment is granted in favor of the defendant as to the second count alleging a violation of CUIPA.