[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
On February 22, 1995, the plaintiff, C M Technology, Inc. (C M), filed a four count amended complaint against the defendant, The Travelers Insurance Company (Travelers). The third and fourth counts, presently at issue before the court, allege a cause of action under the Connecticut Unfair Insurance Practices Act (CUIPA) and the Connecticut Unfair Trade Practices Act (CUTPA), respectively.
The allegations of the third and fourth counts are as follows. Travelers issued a Workers' Compensation Insurance Policy to C M, thereby insuring C M for any injuries sustained by an employee of C M during the course of business. Thereafter, on September 10, 1990, Greg Fortier, an employee of C M, allegedly sustained certain injuries in the course of his employment and accordingly filed a workers' compensation claim. C M notified Travelers about Mr. Fortier's claim and Travelers promptly retained control of C M's defense, including all settlement negotiations with Mr. Fortier.
On September 11, 1991, during the pendency of the workers' compensation claim, Mr. Fortier filed a lawsuit against C M alleging that C M wrongfully terminated his employment because of the workers' compensation claim. On September 24, 1991, Travelers entered into a stipulation for full and final settlement of Mr. Fortier's workers' compensation claim without consulting C M. C M asserts that Travelers' settlement of Mr. Fortier's claim exposed C M to liability for Mr. Fortier's wrongful termination action. C M further asserts that Travelers knew or should have known at the time of settlement that the CT Page 3960 settlement could subject C M to additional legal actions and thus possible damage exposure.
Accordingly, C M alleges that Travelers' settlement with Mr. Fortier was concluded without C M's participation and contrary to C M's interests. C M further asserts that Travelers' "conduct in this action is part and parcel of a general settlement practice that [Travelers] commits and/or performs with such frequency as to indicate a general business practice in violation of the Connecticut Unfair Insurance Practices Act pursuant to [C.G.S.] Section 38a-815 et seq." Accordingly, the third count alleges that Travelers violated CUIPA and the fourth count alleges that Travelers violated CUTPA.
On March 9, 1995, Travelers filed a motion to strike the third and fourth count of C M's amended complaint. Travelers argues that the third count should be stricken because there is no private right of action under CUIPA. Furthermore, Travelers argues that the third and fourth counts should be stricken because C M has failed to allege facts sufficient to support a claim that Travelers' conduct in this action was part of a general business practice as required under CUIPA and CUTPA.
C M argues that the Supreme Court left unanswered the question whether CUIPA provides a private cause of action. C M argues that the more reasoned trial court decisions conclude that CUIPA provides a private cause of action. Therefore, C M urges that the court adopt the holdings finding that CUIPA provides a private right of action. Additionally, C M argues that it has made a factual allegation that Travelers' conduct in this case is "part and parcel of a general settlement practice" that Travelers performs with frequency. Therefore, C M argues that it has alleged conduct that if proven would establish a general business practice. Hence, C M argues that Travelers' motion to strike should be denied.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book § 152. The pleadings susceptible to a motion to strike are the "complaint, counterclaim, cross-complaint, prayer, answer [and] special defense." Deutsche Bank Co. v. Hermann, 4 CSCR 771 (September 28, 1989, Cioffi, J.), citing Practice Book § 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light CT Page 3961 most favorable to sustaining the sufficiency of the [pleading].Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988)."Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1986). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted). Additionally, "grounds other than those specified should not be considered by the trial court in passing upon a motion to strike." Morris v. Hartford Courant Co., 200 Conn. 676, 682,513 A.2d 66 (1988) (citation omitted).
Travelers moves to strike the third count on the ground that CUIPA does not provide a private right of action. Furthermore, Travelers moves to strike both the third and fourth counts on the ground that C M has failed to allege facts sufficient to support a finding that Travelers' alleged improper conduct was a "general business practice." The Connecticut Supreme Court has expressly reserved decision on whether CUIPA authorizes a private cause of action. See Lees v. Middlesex Ins. Co., 229 Conn. 842,847 n. 4, ___ A.2d ___ (1994); see also Mead v. Burns,199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986); Griswold v. UnionLabor Life Ins. Co., 186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982). Moreover, the Connecticut Appellate Court has not specifically addressed this issue.
It is apparent, however, that this is an issue which continues to plague the superior courts throughout the state, the consequence of which is a dichotomy of opinions among the judges of the superior courts. Several superior court decisions have allowed a private cause of action under CUIPA. Edelman v. PacificEmployers Ins. Co., Superior Court, judicial district of New Britain at Hartford, Docket No. 533463 (Oct. 21, 1994, Hennessey, J.); Agency Rent A Car v. ITT Hartford, Superior Court, judicial district of Hartford, Docket No. 530573 (Sept. 26, 1994, Corradino, J.); Polchlopek v. Aetna Life Ins. Co., Superior Court, judicial district of Hartford, Docket No. 530360 (June 3, 1994, Hennessey, J.); Schott v. Great American Ins. Co.,8 CSCR 988 (September 1, 1993, Hendel, J.); Covino v. Jacovino,8 CSCR 822 (July 20, 1993, Sullivan, J.); Sansone v. Esis, Inc.,8 CSCR 248 (January 4, 1993, Maiocco, J.); Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.);Cecere v. EBI Indemnity Co., 2 Conn. L. Rptr. 520, 521 (October CT Page 3962 2, 1990, Hammer, J.); Thompson v. Aetna Life Casualty Co.,2 CSCR 648, 649 (May 15, 1987, Satter, J.). Other superior court cases, however, have declined to recognize a private cause of action under CUIPA. White v. Nationwide Mutual Fire Insurance,
Superior Court, judicial district of Waterbury, Docket No. 118633 (Nov. 14, 1994, Flynn, J.); King v. Ehorn, 8 CSCR 1299 (November 17, 1993, Rush, J.); Berman v. Prudential Ins. Co., 8 CSCR 806
(July 15, 1993, Lewis, J.); Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 36 (July 7, 1992, Lewis, J.); Warner v.Sanford Hall Agency, 8 Conn. L. Rptr. 333 (February 10, 1993, Wagner, J.); Scheer v. Chubb Sons, Inc., 9 Conn. Law Trib. No. 17, 13 (Burns, J. 1982). Still other courts, when presented with the issue, have been able to avoid its dichotomous influence. See e.g. Blakeslee Arpaia Chapman v. U.S.F. G. Co., Superior Court, judicial district of New London, Docket No. 520348 (March 4, 1994, Hurley, J.).
This court, however, is not so fortunate, and instead must join the debate and add its weight to one opinion or the other. In so doing, the court is mindful that the "construction of a statute is a question of law for the court. North Haven v.Planning Zoning Commission, 220 Conn. 556, 561, 600 A.2d 1004
(1991). "In the construction of a statute, no word should be treated as superfluous or insignificant." Lees v. Middlesex Ins.Co., 219 Conn. 644, 652, 594 A.2d 952 (1991). Furthermore, ordinarily courts should "decline to read into statutes provisions not clearly stated." Id. "The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. State v. Blasko, 202 Conn. 541, 553,522 A.2d 753 (1987). In doing so, `[w]e look first to the plain, unambiguous language of the statute.' Arway v. Bloom,29 Conn. App. 469, 473, 615 A.2d 1075 (1992), cert. granted,224 Conn. 924, 618 A.2d 530 (1992). Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute.Klug v. Inland Wetlands Commission, 30 Conn. App. 85,90, 619 A.2d 8 (1993)." Black v. London EgazarianAssociates, Inc., 30 Conn. App. 295, 300, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993).
Thus, based upon the rules of statutory construction, the court holds that CUIPA does not provide a private right of action. It is difficult to accept the plaintiff's argument that this court can find the right to a private cause of action in CUIPA by implication. The statutory sections are not ambiguous. CT Page 3963 See C.G.S. §§ 38a-815 et seq. There is no such express authority for a private cause of action; id.; as compared to the express authority for a private cause of action under CUTPA. C.G.S. § 42-110g(a). Rather, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate whether the unfair insurance practices, as set forth in Connecticut General Statute Section 38a-816, have been violated. See C.G.S. §§38a-815 et seq. Furthermore, CUIPA is a regulatory act that provides for an administrative procedure through the state insurance commissioner to deal with alleged unfair practices. C.G.S. § 38a-817.
Moreover, the legislature expressly stated that "[i]t is the intention of the legislature that [CUTPA] be remedial and be so construed." C.G.S. § 42-110b(d). CUTPA expressly authorizes a private cause of action. C.G.S. § 42-110g. CUIPA, on the other hand, expressly speaks to the power vested in the commissioner of insurance. See C.G.S. §§ 38-815, 38a-817
through 38a-819. Indeed, the legislature was not ambiguous about the purpose of Sections 38a-815 to 38a-819, inclusive. Section38a-819 expressly states:
 The powers vested in the commissioner by sections 38a-815
to 38a-819, inclusive, shall be additional to any other powers to enforce any penalties, fines or forfeitures authorized by law with respect to the methods, acts and practices declared to be unfair and deceptive, and the commissioner may issue regulations implementing the provisions of section 38a-816.
Therefore, the court concludes that CUIPA does not provide a private cause of action, for the reasons set forth above and for the reasons expressed within the opinions of my brethren who have also reached the same conclusion. Accordingly, Travelers' motion to strike the third count of C M's amended complaint is granted.
This decision, however, does not leave a plaintiff without recourse for an injury caused by the violation of CUIPA. In Meadv. Burns, 199 Conn. 651, 509 A.2d 11 (1986), the Supreme Court held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations provided the alleged conduct violates CUIPA. See Id. at 663. Accordingly, a plaintiff may state a CUTPA cause of action for the violation of CUIPA. Id. CT Page 3964
Here, the plaintiff has alleged a CUTPA claim for the alleged violation of CUIPA. Travelers has also moved to strike that count, and thus, there remains the question of whether C M has alleged facts sufficient in the fourth count to state a cause of action under CUTPA for the violation of CUIPA. The fourth count of the complaint alleges that Travelers committed unfair claim settlement practices as proscribed by Section 38a-816 (6) of the statutes. Specifically, the fourth count alleges that Travelers settled Mr. Fortier's insurance claim against C M without taking into account the best interests of C M. The fourth count further alleges that Travelers' decision to settle the claim without consulting C M, its insured, is conduct that is "part and parcel of a general settlement practice that [Travelers] commits and/or performs with such frequency as to indicate a general business practice in violation of [CUIPA] . . . ."
Travelers argues that C M has failed to allege any facts sufficient to find that Travelers' conduct was a general business practice. In support, Travelers cites Lees v. Middlesex InsuranceCo., 222 Conn. 842, 849, ___ A.2d ___ (1994). In Lees v.Middlesex Insurance Co., however, the court was proceeding on a motion for summary judgment, and thus, made its determination based upon the evidence of whether the insurer's conduct occurred with such frequency as to constitute a general business practice. The court in Lees concluded, based upon the evidence, that the gravamen of the plaintiff's claim is that the insurer unfairly failed to settle her claim, and her claim alone. Id.
In the present case, C M is alleging that Travelers frequently engaged in the alleged unfair conduct. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading].Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988)."Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). Moreover, "[w]here the legal grounds for such a motion are dependent upon underlying facts not alleged in the pleadings, the [movant] must await the evidence which may be adduced at trial and the motion [to strike] should be denied." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Accordingly, Travelers' motion to strike the fourth count is denied.
STANLEY, J. CT Page 3965