[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Marie-Alessandra Maire, commenced this action against the defendant, Allstate Ins. Co. ("Allstate"), on May 10, 1995. Count one asserts a claim for underinsured motorist benefits; count two states a claim for breach of the implied covenant of good faith and fair dealing; count three alleges a violation of CUIPA; count four alleges a violation of CUTPA.
While riding as a passenger in an automobile driven by Veronica Hinman, the plaintiff sustained serious injuries when she was thrust through the front windshield when the automobile skidded and struck a concrete barrier.
On June 12, 1995, the defendant filed a motion to strike count three of the plaintiff's complaint under CUIPA and paragraph two of the plaintiff's prayer for relief seeking punitive damages to 14-295 of the General Statutes. The defendant argues that count three fails to state a claim upon which relief can be granted, and further, that the plaintiff has not alleged a general business practice and that no private right of action exists for a CUIPA violation. (Defendant's Memorandum in Support, pp. 2-3). The defendant also asserts that paragraph two of the prayer for relief must be stricken because statutory double or treble damages, pursuant to General Statutes § 14-295, are not recoverable against an insurer. (Defendant's Memorandum in Support, pp. 3-4).
Subsequently, on June 19, 1995, the plaintiff filed an amended complaint, which changed count three by deleting language, restructuring paragraph sixteen of count three, and by adding several words to paragraph sixteen of count three.[1] Most notably, the plaintiff has added a phrase highlighted by the word "frequency" to her allegations of unfair claim settlement practices by the defendant. (Amended Complaint, Count Three, ¶ 16).
On June 26, 1995, the plaintiff filed an objection to the defendant's motion to strike. The plaintiff asserts that in count three she has alleged facts sufficient to state a claim CT Page 12774 upon which relief can be granted. The plaintiff also claims that punitive damages[2], pursuant to General Statutes § 14-295, can be recovered against the insurer in an underinsured context. With regard to statutory multiple damages, the plaintiff urges that binding precedent from the Connecticut Appellate Court, inCaulfield v. Amica Mutual Ins. Co., 31 Conn. App. 781,627 A.2d 466 (1993), should be disregarded, asserting that an underinsured motorist claim seeking statutory multiple damages should be treated differently than an uninsured motorist claim. (Plaintiff's Memorandum in Opposition, pp. 10-11).
The motion to strike and its objection were heard on short calendar on July 10, 1995. Subsequently, on August 1, 1995, the plaintiff filed a request for leave to amend the complaint and filed a second amended complaint, pursuant to Practice Book § 176(c). The amendment was deemed to have been filed with the consent of the adverse party because the defendant did not object within fifteen days of the request for leave to amend. Practice Book § 176(c). Therefore, the court shall treat the motion to strike as being directed to the second amended complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). When considering a motion to strike the trial court must "take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Construction, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152.
A. Third Count — CUIPA Violation
CT Page 12775
The Connecticut Supreme Court has expressly reserved decision on whether CUIPA authorizes a private cause of action. See Leesv. Middlesex Ins. Co., 229 Conn. 842, 847 n. 4, 643 A.2d 1282
(1994); see also Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11
(1986); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507,521 n. 12, 442 A.2d 920 (1982). Moreover, the Connecticut Appellate Court has not specifically addressed the issue.
This is an issue, however, which continues to pose a dilemma for the superior courts of this state. Currently, there is a split of authority on whether or not a private right of action exists under CUIPA. Several decisions have declined to recognize a private right of action under CUIPA. See C M Technology,Inc. v. The Travelers Ins. Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 072968 14 Conn. L. Rptr. 32
(March 31, 1995) (Stanley, J.); White v. Nationwide Mutual Fire Ins.,
Superior Court, judicial district of Waterbury, Docket No. 118633 (November 14, 1994) (Flynn, J.); King v. Ehorn, 10 Conn. L. Rptr. 356,8 CSCR 1299 (January 3, 1994) (Rush, J.) ("Clearly, CUIPA does not expressly provide for a private cause of action in contrast to CUTPA, and the court cannot find in the language of the statute any implication that a private cause of action exists"); Berman v.Prudential Ins. Co., 9 Conn. L. Rptr. 357, 8 CSCR 806 (August 9, 1993) (Lewis, J.); Warner v. Sanford Hall Agency, 8 Conn. L. Rptr. 333 (February 10, 1993) (Wagner, J.) ("Mead determined . . . that it was possible to state a cause of action under CUTPA for a violation of CUIPA but characterized CUIPA as a penal statute requiring a construction `limiting rather than expanding civil liability."'); Langlais v.Guardian Life Ins. Co., 7 Conn. L. Rptr. 34, 36 (July 7, 1992) (Lewis, J.) ("It is difficult to accept plaintiff's argument . . . that the court can imply a private cause of action in a statute that only authorizes the insurance commissioner to investigate whether CUIPA has been violated. . . ."); Scheer v. Chubb Sons,Inc., 9 Conn. Law Trib. No. 17, 13 (D. Conn., December 14, 1982) (Burns, J.).
Other superior court decisions have recognized a private cause of action under CUIPA. See Edelman v. Pacific EmployersIns. Co., Superior Court, judicial district of New Britain at Hartford, Docket No. 533463 (October 21, 1994) (Hennessey, J.);Agency Rent A Car v. ITT Hartford, Superior Court, judicial district of Hartford, Docket No. 530573 (September 26, 1994) (Corradino, J.); Polchlopek v. Aetna Life Ins. Co., Superior Court, judicial district of Hartford, Docket No. 530360 (June 3, CT Page 12776 1994) (Hennessey, J.); Schott v. Great American Ins. Co.,10 Conn. L. Rptr. 4,8 CSCR 988 (October 4, 1993) (Hendel, J.) (recognizing a private right of action under CUIPA and noting that the previous superior court cases recognizing a private cause of action have a better reasoned view of the law); Covino v. Jacovino, 9 8 CSCR 822 (August 16, 1993, Sullivan, J.) (finding that there is a private cause of action under CUIPA, and also a CUTPA claim for those same CUIPA violations); Webster v. U.S. Fidelity Guaranty Co.,9 Conn. L. Rptr. 147 (June 21, 1993, Shaughnessy, J.) ("The question of whether an individual may maintain a private cause of action under CUIPA is one which cries out for a definitive answer from the state Appellate Courts. The best way to obtain such guidelines is to deny the defendant's motion and hope that the state Appellate Courts will accept their responsibility for deciding the issue. . . ."); Sansone v. Esis, Inc., 8 Conn. L. Rptr. 171,8 CSCR 248 (March 8, 1993) (Maiocco, J.); Sambuco v. Aetna Casualty SuretyCo., 4 Conn. L. Rptr. 74, 75 (May 14, 1991) (Karazin, J.); Cecerev. EBI Indemnity Co., 2 Conn. L. Rptr. 520, 521 (October 2, 1990) (Hammer, J.); Thompson v. Aetna Life Casualty Co., 2 CSCR 648,649 (May 15, 1987) (Satter, J.).
This Court believes that there is ample authority to decline
to recognize a private cause of action under CUIPA. Ordinarily courts should "decline to read into statutes provisions not clearly stated." North Haven v. Planning Zoning Commission,220 Conn. 556, 561, 600 A.2d 1004 (1991). "Where the language of the statute is clear and unambiguous, the courts cannot, by construction, read into statutes provisions which are not clearly stated." (Internal quotation marks omitted.) Farmers MechanicsSavings Bank v. Garofalo, 219 Conn. 810, 814-15, 595 A.2d 341
(1991). "The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. In doing so, [w]e look first to the plain, unambiguous language of the statute. Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history of the underlying statute." (Citations omitted; internal quotation marks omitted.) Black v. London Egazarian Associates,Inc., 30 Conn. App. 295, 300, 620 A.2d 176, cert. denied,225 Conn. 916, 623 A.2d 1024 (1993).
There is no express authority under CUIPA for a private cause of action. See General Statutes § 38a-815, et seq. CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices. See General Statutes § 38a-816. CT Page 12777
A comparison of CUIPA and CUTPA strongly indicates that a private cause of action under CUIPA does not exist. CUTPA expressly provides for a private cause of action: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides . . . ." General Statutes § 42-110g(a). Persons entitled to bring such an action may also bring a class action lawsuit in appropriate circumstances. General Statutes § 42-110g(b). The Connecticut General Assembly has also expressed, in General Statutes § 42-110b(d), that "[i]t is the intention of the legislature that [CUTPA] be remedial and be so construed."
CUIPA, unlike CUTPA, does not have a provision authorizing a private cause of action, nor does it have a provision expressing the legislative intent that CUIPA be "remedial." CUIPA vests[3]
all enforcement powers in the insurance commissioner. See General Statutes §§ 38a-815, 38a-817 through 38a-819. For instance, General Statutes § 38-819 expressly states: "The powers vested in the commissioner by sections 38a-815 to 38a-819, inclusive, shall be additional to any other powers to enforce any penalties, fines or forfeitures authorized by law with respect to the methods, acts and practices declared to be unfair and deceptive, and the commissioner may issue regulations implementing the provisions of section 38a-816." General Statutes § 38a-819. The elaborate administrative mechanism under CUIPA was created by the legislature in order to regulate the insurance industry through the insurance commissioner. The Connecticut Supreme Court has held that "the legislature has manifested an intention to make insurance practices the subject of two regulatory statutes, CUIPA and CUTPA." (Emphasis added.)Mead v. Burns, supra, 199 Conn. 663. That is why violations of CUIPA are actionable as a private cause of action under CUTPA. See Lees v. Middlesex Ins. Co., supra, 229 Conn. 850-51; Mead v.Burns, supra, 663. If otherwise, there would be no need for violations of CUIPA to be actionable under CUTPA; this would merely create a redundancy.
The conclusion that CUIPA does not provide a private cause of action does not leave the plaintiff without a remedy for an injury caused by a violation of CUIPA. The Connecticut Supreme Court, in Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986), held that a plaintiff may bring a private cause of action under CT Page 12778 CUTPA for an alleged violation of CUIPA. See also Lees v.Middlesex Ins. Co., 229 Conn. 842, 850-51, 643 A.2d 1282 (1994). A plaintiff, however, may not bring an action under CUTPA unless the alleged unfair insurance practice violates CUIPA. Mead v.Burns, supra, 663-66. For instance, if the violation of CUIPA is an unfair claims settlement practice as enumerated in General Statutes § 38-816 (6), the plaintiff must prove that the defendant committed the alleged acts "with such frequency as to indicate a general business practice." Lees v. Middlesex Ins. Co., supra, 850-51. For the reasons set forth above, count three of the plaintiff's second amended complaint is hereby stricken.[4]
B. Prayer for Relief, ¶ 2 — Damages Under § 14-295
An insured is not entitled to recover statutory multiple damages from its uninsured/underinsured insurance carrier pursuant to General Statutes § 14-295. Caulfield v. Amica MutualIns. Co., supra, 31 Conn. App. 787-88. The plaintiff takes issue with the holding in Caulfield, and essentially urges this court to disregard it as faulty. (Plaintiff's Memorandum in Opposition, p. 7.) "The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recoverif the uninsured motorist had maintained a policy of liabilityinsurance." (Emphasis in original; internal quotation marks omitted.) Caulfield v. Amica Mutual Ins., Co., supra, 786. "[A]llowing a recovery of punitive damages [or statutory multiple damages] under uninsured motorist coverage would, in effect, place the insured in a better position than would exist if the tortfeasor had been insured." (Internal quotation marks omitted.) Id., 787.
The plaintiff asserts that the rule disallowing recovery of statutory multiple damages in an uninsured motorist context, such as in Caulfield, should not apply in an underinsured motorist context. (Plaintiff's Memorandum in Opposition, p. 10). Here, the plaintiff's claim is an underinsured motorist claim. This distinction lacks merit. The term "uninsured motorist coverage" in the statute includes both uninsured motorist coverage and underinsured motorist coverage. See American Motorists Ins. Co.v. Gould, 213 Conn. 625, 628, 569 A.2d 1105 (1990), overruled on other grounds, 220 Conn. 30, 37, 594 A.2d 977 (1991). Thus, "statutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorists." (Internal quotation marks omitted.) Rydingsword v. Liberty Mutual Ins. Co.,
CT Page 12779224 Conn. 8, 14 n. 11, 615 A.2d 1032 (1992). In addition, "[t]he regulations which apply to uninsured motorist coverage also apply to underinsured motorist coverage." Lumbermens Mutual CasualtyCo. v. Huntley, 223 Conn. 22, 27-28, 610 A.2d 1292 (1992); see also General Accident Ins. Co. v. Wheeler, 221 Conn. 206, 210-11,603 A.2d 385 (1992). This Court will make no distinction between uninsured and underinsured motorist claims for the purposes of statutory multiple damages. Therefore, the second paragraph of the prayer for relief, second amended complaint, is ordered stricken.