[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This lawsuit involves a claim by the plaintiff against the defendant Insurance Company for the proceeds of a Life Insurance policy which the plaintiff claims was wrongfully paid to a person other than the plaintiff. The plaintiff claims that inasmuch as she was the named beneficiary she was the only one entitled to the, proceeds and that the defendant was in error when it paid over the proceeds to her former husband. The defendant claims that it was presented with appropriate payment forms and that it paid over the surrender value in accordance with the policy provisions. The Motion for Summary Judgment as filed by the defendant attacks the Multi-Count Complaint on various grounds and the court's rulings are as follows:
1. The Motion for Summary Judgment on the ground that the plaintiff is barred from bringing the asserted claims against the defendant under the doctrine of collateral estoppel is denied. While it appears that there might have been some consideration of the value of this policy in the dissolution proceedings, it is far from clear from the documentation submitted that the issue of the policy proceeds was fully and fairly litigated in that proceedings. That this is essential, See Mulligan v. Rioux,229 Conn. 716.
2. The Motion for Summary Judgment on the ground that the action is time-barred by the applicable Statute of Limitations or, in the alternative, on the ground that the claimed fraudulent concealment claim is legally insufficient to toll the Statute of Limitations is denied. The facts are in dispute as to when the plaintiff might reasonably have discovered that she had a potential cause of action. (See Plaintiff's Affidavit of August CT Page 13130 7, 1995, p. 14, which suggests that suit was filed approximately three months before the Statute of Limitations would have run on her cause of action).
3. The Motion for Summary Judgment on the grounds that CUTPA does not provide a cause of action for individual members of the public is granted. See C. M. Technology Inc. v. Travelers Ins.Co., 14 Conn. L. Rptr. 32.
4. The Motion for Summary Judgment as to the CUTPA claims raised by the plaintiff is granted. Claims brought under the provisions of CUTPA requiring pleading and proof of something more than a single transaction resulting in a loss to the claimant. The action giving rise to such a claim must occur with such frequency as to indicate a general business practice and such allegations are lacking in this complaint. See Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 672.
5. The Motion for Summary Judgment as it pertains to the plaintiff's claim of fraud which is claimed by the defendant to be timed-barred is denied. There remains in dispute the issue as to when the plaintiff first discovered she had a potential cause of action against the defendant. See previous comment on this issue as set out in Paragraph 2 herein.
6. The Motion for Summary Judgment based upon the assumption of the defendant that the facts alleged do not support a claim for breach of contract is denied. Count Six appears to allege a breach of contract by way of an implied duty to exercise reasonable care to insure that the plaintiff was not deprived of her ownership rights. It is not clear whether this action is grounded in negligence or in implied contract. If it is the latter a six year Statute of Limitations would apply, §52-576 C.G.S. and the action is not time barred.
In summary, it has been held that in cases involving mixed questions of law and fact, Motions for Summary Judgment are inappropriate for the resolution of such issues. Spencer v. GoodEarth Restaurant Corp., 164 Conn. 194, 198.
GEORGE W. RIPLEY, JUDGE CT Page 13131