[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Gary Joseph, Eric Joseph, and Danbury Insulation Company, filed their sixteen count complaint against the Hannan Agency Inc., Peter D. Hannan, William J. Hannan, and John M. Hannan.[1] They claim that they purchased Workers' Compensation and Employers' Liability insurance from the defendant agency and paid premiums on the insurance. However, when one of the plaintiffs' employees was injured during his employment, the defendants informed the plaintiffs that they were not covered by Workers' Compensation and Employers' Liability insurance.
The plaintiffs seek to recover from the defendants for the numerous losses and liabilities they have incurred as a result of their lack of coverage. The defendants have filed a motion to strike various counts of the complaint. CT Page 18
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26. See also Practice Book § 152. "The motion [to strike] may . . . be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Castelvetro v. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (February 1, 1994, Gray, J.,11 Conn. L. Rptr. 29).
In their motion to strike, the defendants claim that counts five through eight of the plaintiffs' complaint are legally insufficient because there is no private right of action under the Connecticut Unfair Insurance Practice Act (CUIPA), General Statutes § 38a-815 et seq. Counts five through eight of the plaintiffs' complaint are based on the existence of such a private right of action thereunder.
Our Supreme Court has repeatedly reserved decision as to whether a private right of action exists under CUIPA. SeeNapoletano v. Cigna Healthcare of Connecticut Inc., 238 Conn. 216,221 n. 5 (1996); Lees v. Middlesex Ins. Co., 229 Conn. 842,847 n. 4 (1994); Mead v. Burns, 199 Conn. 651, 657 n. 5 (1986);Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12 (1982).[2]
The reasoning of the line of cases refusing to recognize a private right of acting under CUIPA is more persuasive than recognizing such an action. In looking at the statutory language of CUIPA, the court in Allessa v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J.,16 Conn. L. Rptr. 317), held that "[t]here is no express authority under CUIPA for a private cause of action. . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices." Even if the provisions of CUIPA are ambiguous as to a private right of action, the existence of such a right should not be recognized. This is "because CUIPA authorizes the imposition CT Page 19 of criminal penalties for the commission of the conduct it proscribes . . . [and] ambiguity in penal statutes requires a construction limiting rather than expanding civil liability."Mead v. Burns, supra, 658.
Moreover, "the Supreme Court has explicitly held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations. . . . In light of the existing remedy to redress a CUIPA violation, and the unlikelihood that the legislature intended two statutory causes of action to redress the same conduct, there is no private cause of action under CUIPA. . . ." (Internal quotation marks omitted.) Langlais v.Guardian Life Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252826 July 7, 1992, Lewis, J.).
Similarly, in C M Technology Inc. v. The Travelers Ins.Co., Superior Court, judicial district of Middlesex, Docket No. 072968 (April 5, 1995, Stanley J., 14 Conn. L. Rptr. 32), the court noted the lack of "express authority for a private cause of action [under CUIPA] . . . as compared to the express authority for a private cause of action under CUTPA. . . . CUIPA is a regulatory act, authorizing the insurance commissioner to investigate whether the unfair insurance practices, as set forth in Connecticut General Statutes Section 38a-816, have been violated. . . . Furthermore, CUIPA is a regulatory act that provides for an administrative procedure through the state insurance commissioner to deal with alleged unfair practices. . . . CUTPA expressly authorizes a private cause of action. . . . CUIPA, on the other hand, expressly speaks to the power vested in the commissioner of insurance."
In Toni v. Southern Conn. Hospital Systems. Inc., Superior Court, judicial district of Fairfield, Docket No. 326120 (October 30, 1996, Levin J.), the court performed an in-depth analysis of the legislative history of CUIPA. It applied the modified Cort v.Ash[3] test from Napoletano v. Cigna Healthcare of Conn., Inc.,
supra, to determine whether a private remedy is implied in CUIPA, even though it is not expressly provided for the statute. Toni v.Southern Conn. Hospital Systems, Inc., supra. After an extensive discussion delving into the legislative history of CUIPA, the court held that there is no private cause of action under CUIPA.
The plaintiffs claim, in their memorandum of law in opposition to the defendants' motion to strike, that the Superior CT Page 20 Court of Danbury has previously recognized a private right of action under CUIPA in Transamerica Ins. Co. v. Nejame Sons,Inc., Superior Court, judicial district of Danbury, Docket No. 318224 (May 8, 1995, Stodolink, J.). Transamerica, however, involved a motion to strike a CUTPA claim based upon a CUIPA violation, not a private claim asserted solely under CUIPA.
The plaintiffs also rely generally on the line of Superior Court cases that has held that a private right of action may be maintained under CUIPA. The first such Superior Court case,Thompson v. Aetna Casualty Surity Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 308821 (May 15, 1987, Satter, J., 2 CSCR 648), began its discussion of CUIPA by stating that "[t]he threshold question is whether or not CUIPA allows a private cause of action for violation of its provisions." However, the court then turned to the question of whether a third party claimant could bring such an action against an insurer for unfair claim settlement practices, without deciding whether there exists a private right of action under CUIPA.
The line of Superior Court cases relied upon by the plaintiffs, which have recognized a private right of action under CUIPA, have no basis for such an assertion. Furthermore, the first authoritative case, consistently cited by its progeny, never decided the issue. See Thompson v. Aetna Casualty SurityCo., supra. Therefore, these cases cannot be relied upon to represent the reasons for upholding a private right of action.
The defendants, in part II. C. of their memorandum in support of their motion to strike, claim that the plaintiffs failed "to plead their CUTPA claim with sufficient particularity."[4]
Specifically, the defendants claim that the plaintiffs failed to plead the sufficient facts to set forth a CUTPA claim and the elements of the legal test for an unfair trade practice.
Our Unfair Trade and Practice Act, General Statutes § 42-110b
(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. In determining whether certain acts constitute a violation of this act, [the courts] have adopted the criteria set out in the cigarette rule . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — CT Page 21 whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) Williams Ford, Inc. v. Hartford CourantCo., 232 Conn. 559, 591 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted; internal quotation marks omitted.) Jacobs v. Healey Ford-Subaru, Inc.,231 Conn. 707, 725-26 (1995).
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "In order to withstand a motion to strike for legal insufficiency, [the] plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy." Chernetv. Town of Wilton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 108840 (September 28, 1990, Cioffi, J., 2 Conn. L. Rptr. 475, 476).
The plaintiffs have pleaded sufficient facts in their complaint to satisfy the first prong of the cigarette rule. Taking the facts alleged as true, it is against the public policy of CUTPA[5] for an insurer to accept several premium payments, make statements to the plaintiffs that General Liability and Workers' Compensation and Employers' Liability insurance policies had been secured on their behalf, and produce a Certificate of Insurance purporting to provide the plaintiffs with coverage when then and now, the plaintiffs were not covered by any such insurance policies.
The plaintiffs have pleaded sufficient facts in their complaint to satisfy the second prong of the cigarette rule. Considering the above mentioned facts, it is not a stretch of the imagination for this court to accept that the actions of the defendants as pleaded, are immoral, unethical, oppressive, and CT Page 22 unscrupulous.
The plaintiffs have also satisfied the third prong of the cigarette rule by alleging substantial injury to consumers. "To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that the consumers themselves could not reasonably have avoided." (Emphasis omitted; internal quotations omitted.) A-G Foods, Inc. v. Pepperidge Farm,Inc., 216 Conn. 200, 216 (1990). The financial costs alleged by the plaintiffs meet the requirement of being substantial. Aside from the alleged premium payments, the plaintiff was also assessed penalties for not being covered by Workers' Compensation insurance and the plaintiff was required to repay the State of Connecticut Second Injury Fund for the monies paid to their injured worker. As to the second requirement, there does not seem to be any feasible benefit that could possibly be produced from this practice. Lastly, it does not appear that the plaintiffs could have avoided their injuries because, according to the alleged facts, they had every reason to believe they were insured.
The motion to strike counts five through eight of the plaintiffs' complaint is, accordingly, granted. Those counts of the complaint allege a private cause of action under CUIPA. However, to reiterate, neither the statutes, the case law, nor the legislative history involving CUIPA provide for a private right of action under CUIPA. The court denies the defendants' motion to strike the CUTPA counts of the complaint. The facts alleged in the plaintiffs' complaint are sufficient to withstand such a motion.
Moraghan, J.