[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1603
The defendant, Peerless Insurance Company, filed a Motion to Strike the second and third counts of the plaintiff's complaint on the grounds that: no private right of action exists under the Connecticut Unfair Insurance Practices Act (hereinafter "CUIPA"); and the plaintiff's claim of violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA") fails to allege conduct which was committed of a sufficient frequency to indicate a general business practice. Plaintiff filed a memorandum in opposition to the defendant's motion, arguing that this court may recognize a private right under CUIPA and that the violations alleged in count three constitute sufficient grounds to allege a CUTPA violation.
The issues for this court to decide are: 1.) whether the CUIPA statute provides a private right of action; and 2.) whether the allegations in Count Three, claiming a CUTPA violation, state multiple acts of misconduct in a single insurance transaction or whether they sufficiently plead a pattern and practice of misconduct. For reasons more fully set forth below, this court holds that there is no private right of action under CUIPA; and the allegations of misconduct are sufficient to plead a violation under the CUTPA statute.
Motion to Strike
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint. . ." Gulack v. Gulack,30 Conn. App. 305, 309 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Conn., Inc., 238 Conn. 216, 232-33 (1996). "The principle function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer,200 Conn. 400, 402 (1986).
No Private Right of Action Under CUIPA
Both parties correctly recognize that there has been no decisive appellate court ruling on the issue of whether there is a private right of action under CUIPA. The Supreme Court has CT Page 1604 repeatedly reserved decision on this issue. See Napoletano v.Cigna Healthcare of Connecticut Inc., 238 Conn. 216, 221 n. 5 (1996); Lees v. Middlesex Ins. Co., 229 Conn. 842, 847 n. 4 (1994); Mead v. Burns, 199 Conn. 651, 657 n. 5 (1986); Griswold v.Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12 (1982). There is a split of authority in the Superior Court regarding whether or not a private right of action exists, with the majority of courts declining to recognize such a right of action under the CUIPA statute. See, e.g., McCormick v. New Hampshire InsuranceCo., Superior Court, judicial district of Middlesex at Middletown, Docket No. 075615 (March 13, 1996, Stanley, J.);Allessa v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J., 16 Conn. L. Rptr. 317); Brothers v. AmericanHome Assurance Co., Superior Court, judicial district of New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.,15 Conn. L. Rptr. 4); Stabell v. Prudential Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319568 (August 4, 1995, Freedman, J.); C M Technology, Inc. v.Travelers Ins. Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 072968 (April 5, 1995, Stanley, J., 14 Conn. L. Rptr. 32). A minority of courts have, however, recognized the private right of action under CUIPA. See,e.g. Edelman v. Pacific Employers Ins. Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533463 (October 21, 1994, Hennessey, J.); Agency Rent A Car v. ITT Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 530573 (September 26, 1994, Corradino, J.); Polchlopek v. Aetna Life Ins. Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 530360 (June 3, 1994, Hennessey, J.).
This court joins the majority of courts in holding that CUIPA provides no private right of action. "The reasoning of the line of cases refusing to recognize a private right of acting under CUIPA is more persuasive than recognizing such an action. In looking at the statutory language of CUIPA . . . [t]here is no express authority under CUIPA for a private cause of action. . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices. Even if the provisions of CUIPA are ambiguous as to a private right of action, the existence of such a right should not be recognized. This is because CUIPA authorizes the imposition of criminal penalties for the commission of conduct it proscribes . . . [and] CT Page 1605 ambiguity in penal statutes requires a construction limiting rather than expanding civil liability." (Citations omitted; internal quotation marks omitted). Casey v. Reliance NationalIndemnity Co., Superior Court, judicial district of Waterbury, Docket No. CV97-0140513 (April 2 1998, Kulawiz, J.,1998 Ct. Sup. 4209, 4211). Therefore, the defendant's motion to strike count two of the complaint is granted.
Allegation of CUIPA Violations Sufficient in CUTPA Count
The defendant next moves that the third count of the complaint be stricken because it alleges a CUTPA violation under section 38a-816(6), based on one CUIPA offense. The plaintiff counters by referring to the specific allegations of his complaint, which state a variety of business practices as violations of CUIPA and therefore of CUTPA.
It is the law in Connecticut that in order to prove a CUTPA violation, arising from a CUIPA violation, the plaintiff must prove more than mere isolated instances of insurer misconduct.See e.g., Mead v. Burns, 199 Conn. 651 (1986).
 "In requiring that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct . . . We conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a general business practice as required by section 38a-816(6)." (Citation omitted; quotation marks omitted).
Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994).
The appellate court has expanded this construction to include multiple acts of misconduct involving a single transaction. See,Quimby v. Kimberly Clark Corp. , 28 Conn. App. 660, 671 (1992). "Under the guidelines set forth in Mead v. Burns, supra, for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." CT Page 1606 Id. at 672.
Because this is a motion to strike, the allegations in the complaint must be construed in the light most favorable to the plaintiff. Napoletano v. Cigna Healthcare of Conn., Inc.,238 Conn. 216, 232-33 (1996). The plaintiff's complaint provides a variety of claims which state that the defendant engaged in a pattern of misconduct regarding its insurance practices. Specifically, the plaintiff alleges that:
 "8 . . . the Defendant, its agents and servants were guilty of committing unfair claim and settlement practices in violation of Conn. Gen. Stat. Sec. 38a0816(6) including . . .
 a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.
 c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
 d. Refusing to pay claims without conducting a reasonable investigation based upon all available information.
 e. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.
 f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.
 g. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds . . .
These allegations, if true, constitute a pattern and practice of business conduct. Therefore, they are sufficient to support a claim under CUTPA and the defendant's motion to strike Count Three is denied.
In conclusion, defendant's motion to strike the second count of the complaint is granted; defendant's motion to strike the CT Page 1607 third count of the complaint is denied.
________________________________ Angela Carol Robinson Superior Court Judge