[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Nationwide General Insurance Company, filed a Motion to Strike the second count of the plaintiffs complaint on the grounds that: no private right of action exists under the Connecticut Unfair Insurance Practices Act (hereinafter "CUIPA"). Plaintiff filed a memorandum in opposition to the defendants motion, arguing that this court may recognize a private right under CUIPA.
For reasons more fully set forth below, this court holds that there is no private right of action under CUIPA; and the allegations of misconduct are sufficient to plead a violation under the CUTPA statute.
 Motion to Strike
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint . . ." Gulack v. Gulack,30 Conn. App. 305, 309 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Conn., Inc., 238 Conn. 216, 232-33 (1996). "The principle function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer,200 Conn. 400, 402 (1986).
 No Private Right of Action Under CUIPA
There has been no decisive appellate court ruling on the issue of whether there is a private right of action under CUIPA. The Supreme Court has repeatedly reserved decision on this issue.See Napoletano v. Cigna Healthcare of Connecticut Inc.,238 Conn. 216, 221 n. 5 (1996); Lees v. Middlesex Ins. Co., 229 Conn. 842,847 n. 4 (1994); Mead v. Burns, 199 Conn. 651, 657 n. 5 (1986);Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12 (1982). There is a split of authority in the Superior Court CT Page 4061 regarding whether or not a private right of action exists, with the majority of courts declining to recognize such a right of action under the CUTPA statute. See, mg., McCormick v. NewHampshire Insurance Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 075615 (March 13, 1996, Stanley, J.); Allessa v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J., 16 Conn. L. Rptr. 317);Brothers v. American Home Assurance Co., Superior Court, judicial district of New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J., 15 Conn. L. Rptr. 4); Stabell v. Prudential Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319568 (August 4, 1995, Freedman, J.); C M Technology. Inc. v. Travelers Ins. Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 072968 (April 5, 1995, Stanley, J., 14 Conn. L. Rptr. 32). A minority of courts have, however, recognized the private right of action under CUIPA. See, e. g. Edelman v. Pacific Employers Ins. Co.
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533463 (October 21, 1994, Hennessey, J.);Agency Rent A Car v. ITT Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 530573 (September 26, 1994, Corradino, J.); Polchlopek v. Aetna LifeIns. Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 530360 (June 3, 1994. Hennessey, J.).
This court joins the majority of courts in holding that CUIPA provides no private right of action. "The reasoning of the line of cases refusing to recognize a private right of acting under CUIPA is more persuasive than recognizing such an action. In looking at the statutory language of CUIPA . . . [t]here is no express authority under CUIPA for a private cause of action . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices. Even if the provisions of CUIPA are ambiguous as to a private right of action, the existence of such a right should not be recognized. This is because CUIPA authorizes the imposition of criminal penalties for the commission of conduct it proscribes . . . [and] ambiguity in penal statutes requires a construction limiting rather than expanding civil liability." (Citations omitted; internal quotation marks omitted). Casey v. Reliance NationalIndemnity Co., Superior Court, judicial district of Waterbury, Docket No. CV97-0140513 (April 22, 1998, Kulawiz, J., 1998 Ct. CT Page 4062 Sup. 4209, 4211). Therefore, the defendant's motion to strike count two of the complaint is granted.
Angela Carol Robinson Superior Court Judge