[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
I. FACTUAL BACKGROUND
This action arises from the defendants' investigation of the plaintiff's insurance claim and the defendants' subsequent decision to deny said claim. On November 28, 1994, the plaintiff, Jeffrey Brothers, filed a four count substituted complaint ("complaint") against the defendants, American Home Assurance Company ("American"), Material Damage Adjustment Corporation of Connecticut ("Material Damage"), and The Robert Plan Corporation ("Robert Plan"). The four counts allege that the defendants' conduct settling the plaintiff's claim constitutes breach of contract, a CT Page 9287 violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-815, et seq, breach of implied covenant of good faith and fair dealing, and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110b, et seq., respectively.
On January 31, 1995, the defendants filed a motion to strike the second, third and fourth counts. On February 23, 1995, the plaintiff filed a Request For Leave To Amend Complaint, therein seeking to amend Paragraph 19 of the second count of the complaint.[1] The defendants failed to timely object to the request; therefore, on March 10, 1995, the request to amend the Complaint was deemed granted by the consent of the parties. Practice Book § 176; Darling v. Waterford, 7 Conn. App. 485, 487, 508 A.2d 839
(1986).
On April 25, 1995, the defendants claimed to the short calendar list their motion to strike. Although the motion to strike was filed prior to the plaintiff's request for leave to amend the Complaint dated February 23, 1995, the defendants failed to claim the motion to strike to the short calendar list until after the complaint was amended. Accordingly, the motion to strike challenges the legal sufficiency of the complaint as amended. The defendants filed a memorandum of law in support of the motion to strike on January 31, 1995. On May 5, 1995, the plaintiff filed a memorandum of law in opposition.
The complaint as amended alleges the following facts. On November 16, 1993, the plaintiff was operating a pick-up truck within the scope of his authority as the agent, servant, and/or employee of Marie Sobala. While operating the pick-up truck, the plaintiff was involved in an automobile accident. As a result of the accident, the plaintiff suffered personal injuries and sustained economic damages.
At the time of the accident there was in effect an automobile liability policy covering said pick-up truck issued by the defendant American to Sobala. Under the terms of the policy, American agreed to provide total aggregate basic reparation benefits in the amount of $5,000.00 per person.
Pursuant to the policy, the plaintiff submitted a demand upon American for payment of the economic losses he sustained that were covered by the insurance policy. The defendants Material Damages and Robert Plan, as agents of American, investigated the CT Page 9288 plaintiff's claimed injuries and losses. The plaintiff claims, however, that the defendants failed to conduct a reasonable investigation based upon all the information available. After the investigation, the defendants refused to honor the plaintiff's claim based upon a reason not listed in the basic reparation portion of the insurance policy, despite the fact that the plaintiff performed all conditions precedent in order to recover under the policy.
Subsequently, the plaintiff filed a four count complaint against the defendants. The defendants now move to strike the second, third and fourth counts.
II. LEGAL DISCUSSION
A. Second Count — CUIPA Violation
The defendants argue that the second count, alleging a cause of action based upon the violation of CUIPA, should be stricken because CUIPA is a regulatory penal statute that does not provide for a private right of action. The defendants recognize that both the Connecticut Supreme Court and the Connecticut Appellate Court have yet to decide whether CUIPA provides for a private right of action. The defendants further recognize that the Superior Courts are split as to whether CUIPA provides for a private right of action. The defendants argue, however, that the more reasoned trial court decisions decline to recognize a private right of action under CUIPA. Thus, the defendants argue that the court should conclude that CUIPA does not provide for a private right of action and strike the second count.
Moreover, the defendants argue that even if the court concludes that a plaintiff may commence a private right of action to enforce CUIPA, the second count should still be stricken because the plaintiff has failed to allege that the defendants engaged in the alleged wrongful conduct with such frequency as to indicate a general business practice as required by CUIPA.
In response, the plaintiff agrees that both the Supreme Court and the Appellate Court have not addressed the issue of whether a plaintiff may commence a private right of action under CUIPA. Further, the plaintiff concedes that the Superior Courts are split as to whether CUIPA provides for a private right of action. The plaintiff argues, however, that since the Supreme Court has recognized that a CUIPA violation can be the basis for a claimed CT Page 9289 CUTPA violation, the Superior Court decisions concluding that there is a private right of action under CUIPA are more persuasive. The plaintiff argues that masquerading a CUIPA violation as a CUTPA violation furthers no discernible purpose. Thus, the plaintiff argues that the court should find that CUIPA provides for a private right of action. Moreover, the plaintiff argues that the complaint alleges that the defendants engaged in the alleged conduct with such frequency as to indicate a general business practice. Therefore, the plaintiff argues that the defendants' motion to strike the second count should be denied.
The Connecticut Supreme Court has expressly reserved decision on whether CUIPA authorizes a private cause of action. See Lees v.Middlesex Ins. Co., 229 Conn. 842, 847 n. 4, 643 A.2d 1282 (1994); see also Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986);Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12,442 A.2d 920 (1982). Moreover, the Connecticut Appellate Court has not specifically addressed this issue.
It is apparent, however, that this is an issue which continues to beleaguer the superior courts throughout the state, the consequence of which is a dichotomy of opinions among the judges of the superior courts. Several superior court decisions have allowed a private cause of action under CUIPA; Edelman v. PacificEmployers Ins. Co., Superior Court, JD of New Britain at Hartford, DN. 533463 (Oct. 21, 1994) (Hennessey, J.); Agency Rent A Car v. ITT Hartford, Superior Court, JD of Hartford, DN. 530573 (September 26, 1994) (Corradino, J.); Polchlopek v. Aetna Life Ins. Co., Superior Court, JD of Hartford, DN. 530360 (June 3, 1994) (Hennessey, J.); Schott v. Great American Ins. Co., 10 Conn. L. Rptr. 4,8 CSCR 988 (1993) (Hendel, J.); Covino v. Jacovino, 9 Conn. L. Rptr. 377,8 CSCR 822 (1993) (Sullivan, J.); Sansone v. Esis, Inc.,8 Conn. L. Rptr. 171,8 CSCR 248 (1993) (Maiocco, J.); Sambuco v. Aetna Casualty SuretyCo., 4 Conn. L. Rptr. 74, 75 (1991) (Karazin, J.); Cecere v. EBIIndemnity Co., 2 Conn. L. Rptr. 520, 521 (1990) (Hammer, J.); Thompson v. Aetna Life Casualty Co., 2 CSCR 648, 649 (1987) (Satter, J.); while other decisions have declined to recognize a private cause of action under CUIPA. C M Technology,Inc. v. The Travelers Insurance Company, Superior Court, JD of Middlesex at Middletown, DN. 072968 14 Conn. L. Rptr. 32 (March 31, 1995) (Stanley, J.); White v. Nationwide Mutual Fire Insurance,
Superior Court, JD of Waterbury, DN. 118633 (November 14, 1994) (Flynn, J.);King v. Ehorn, 10 Conn. L. Rptr. 356, 8 CSCR 1299 (1994) (Rush, J.);Berman v. Prudential Ins. Co., 9 Conn. L. Rptr. 357, 8 CSCR 806
CT Page 9290 (1993) (Lewis, J.); Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 36 (1992) (Lewis, J); Warner v. Sanford HallAgency, 8 Conn. L. Rptr. 333 (1993) (Wagner, J.); Scheer v. Chubb Sons, Inc., 9 CLT No. 17, 13 (Burns, J.) (1982).
This court is now faced with the same question and must adopt one opinion or the other. In so doing, the court is mindful that the "construction of a statute is a question of law for the court."North Haven v. Planning Zoning Commission, 220 Conn. 556, 561,600 A.2d 1004 (1991). "In the construction of a statute, no word should be treated as superfluous or insignificant." Lees v.Middlesex Ins. Co., 219 Conn. 644, 652, 594 A.2d 952 (1991). Furthermore, ordinarily courts should "decline to read into statutes provisions not clearly stated." Id. "The objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. State v. Blasko, 202 Conn. 541,553, 522 A.2d 753 (1987). In doing so, `[w]e look first to the plain, unambiguous language of the statute.' Arway v. Bloom,29 Conn. App. 469, 473, 615 A.2d 1075 (1992). Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute. Klug v. InlandWetlands Commission, 30 Conn. App. 85, 90, 619 A.2d 8 (1993)."Black v. London Egazarian Associates, Inc., 30 Conn. App. 295,300, 620 A.2d 176, cert denied, 225 Conn. 916, 623 A.2d 1024
(1993).
Based upon the foregoing rules of statutory construction, the court concludes that CUIPA does not provide a private right of action. It is difficult to accept the plaintiff's argument that this court should disregard the rules of statutory construction and find a private cause of action in CUIPA in order to end some perceived masquerade.
CUIPA is not ambiguous. See General Statutes §§ 38a-815 et seq. There is no express authority under CUIPA for a private cause of action. Id. By its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices, as set forth in General Statutes § 38a-816. See General Statutes §§ 38a-815 et seq. CUIPA provides for an administrative procedure through the state insurance commissioner to deal with alleged unfair insurance practices. General Statutes § 38a-817.
Further, a comparison of CUTPA and CUIPA lends support to the CT Page 9291 court's conclusion that CUIPA does not provide a private right of action. The legislature expressly stated that "[i]t is the intention of the legislature that [CUTPA] be remedial and be so construed." General Statutes § 42-110b(d). CUIPA does not contain a similar provision. See General Statutes §§ 38a-815 through 38a-819. CUTPA expressly provides for a private cause of action. General Statutes § 42-110g(a). CUIPA does not include a provision authorizing a private right of action. Instead, CUIPA vests all enforcement powers in the insurance commissioner. See General Statutes §§ 38-815, 38a-817 through 38a-819. Section 38a-819
expressly states: "The powers vested in the commissioner by sections 38a-815 to 38a-819, inclusive, shall be additional to any other powers to enforce any penalties, fines or forfeitures authorized by law with respect to the methods, acts and practices declared to be unfair and deceptive, and the commissioner may issue regulations implementing the provisions of section 38a-816." General Statutes § 38a-819.
The court therefore concludes that CUIPA does not provide for a private right of action.[2] This conclusion does not leave a plaintiff without recourse for an injury allegedly caused by the violation of CUIPA. In Mead v. Burns, 199 Conn. 651, 509 A.2d 11
(1986), the Supreme Court held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations. See id., 663. Thus, a plaintiff may state a CUTPA cause of action for the violation of CUIPA. Id. Indeed, in the present case the plaintiff has set forth in the fourth count a CUTPA claim for the defendants alleged breach of CUIPA.
B. Third Count — Implied Covenant of Good Faith and Fair Dealing
The defendant moves to strike the third count on the ground that the plaintiff has failed to allege facts legally sufficient to find that the defendants breached the implied covenant of good faith and fair dealing. The defendants argue that in order to succeed under a theory of breach of implied covenant of good faith and fair dealing the plaintiff must plead and prove that the defendants' refusal to fulfill a contractual obligation was motivated by an evil purpose or bad faith. The defendants argue that bad faith is more than mere negligence; bad faith is prompted by a sinister or interested motive. The defendants argue that since the plaintiff has failed to allege facts sufficient to draw an inference that the defendants were acting in bad faith, the third count should be stricken. CT Page 9292
The plaintiff asserts that the defendants alleged conduct was wilful, arbitrary, and in reckless disregard for the plaintiff's rights. In accordance with Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 501 (1992), the plaintiff argues that bad faith may be "`actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'" Id., quoting Black's Law Dictionary (5th ed. 1979). The plaintiff argues that he has alleged that the defendants engaged in wrongful conduct and whether the plaintiff's alleged conduct rises to the level of bad faith is a question of fact, necessarily requiring a trial of the circumstances surrounding the defendants conduct. Therefore, the plaintiff argues that the defendants' motion to strike the third count should be denied.
"The implied covenant of good faith and fair dealing has been applied by [the Connecticut Supreme Court] in a variety of contractual relationships, including . . . insurance contracts." (Internal brackets omitted.) Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). "It is manifest that . . . in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is immanent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." L. F. Pace Sons, Inc. v. Travelers IndemnityCo., 9 Conn. App. 30, 46, 514 A.2d 766, cert. denied 201 Conn. 811,516 A.2d 886 (1986). "[T]he examination of good faith and fair dealing in the settling of an insurance claim requires a case-by-case analysis." Verrastro v. Middlesex Ins. Co., supra 207 Conn. 190.
Here, the issue is whether the plaintiff's complaint can reasonably be read to allege that the defendants handling of the plaintiff's insurance claim constitutes a breach of the implied covenant of good faith and fair dealing. In Warner v. Konover,210 Conn. 150, 553 A.2d 1138 (1989), the Supreme Court was faced with a similar issue. In Warner the issue was whether the plaintiff's allegation that the defendants refused in bad faith to consent to the assignment of a lease was sufficient preliminarily to set forth a claim for breach of the implied covenant of good faith and fair dealing. Id., 151. CT Page 9293
In Warner the complaint alleged that the plaintiff and the defendants entered into a five year commercial lease concerning certain property. Id., 152. The lease provided that the plaintiff could not assign or sublet the leased premises without the defendants' prior written consent. Id. Four years into the term of the lease, the plaintiff contracted to sell his business, conditioned upon the assignment of the lease. Id. Consequently, to consummate the contract, the plaintiff needed and sought the defendants consent to assign the lease. Id.
The defendants refused to consent to the assignment of the lease unless the assignee agreed to renegotiate the rental payments. Id. The assignee would not agree to renegotiate the terms of the lease. Id. The defendants therefore refused to consent to the assignment and the plaintiff was unable to sell his business. Id.
The plaintiff brought an action against the defendants for breach of implied covenant of good faith and fair dealing. The plaintiff alleged that the defendants' refusal to consent to the assignment was in bad faith. The complaint alleged that as a result of the defendants' refusal, the plaintiff suffered financial damages. Id. First noting that on a motion to strike the court is required to construe the complaint most favorably to sustaining its sufficiency, the court concluded that the plaintiff's allegation that "the defendants refused to consent to the assignment of said lease until such time as there was a re-negotiation of the rental of said premises was sufficient to raise a question concerning the defendants good faith. Id., 156. The Court stated: "While the defendants certainly had the right to exercise substantial discretion with regard to the reliability of any proffered assignee, their good faith is called into question if assignment to an assignee with impeccable credentials was conditioned upon a substantial increase in the rent to be paid during the unexpired term of the lease." Id. Thus, the court concluded that facts provable under the allegations might draw into question whether the defendants acted in good faith. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v.CBS, Inc., supra 196 Conn. 108.
In the present case, the plaintiff alleges that the defendants: failed to conduct a reasonable investigation into the CT Page 9294 plaintiff's claim based upon all available evidence; Substituted Complaint, 3d Count ¶ 19(b); and denied the claim for a reason not permitted by the insurance policy even though there was no issue of fact that the plaintiff's claim was covered by the policy. Id., ¶ 19(c)(d). The plaintiff further alleges that "[t]he defendants have acted wilfully and in reckless disregard for [the plaintiff's] rights in that they have acted arbitrarily and in bad faith in refusing to pay benefits payable to [the plaintiff] under the automobile liability policy . . . and, in so doing, acted in breach of the covenant of good faith and fair dealing. . . ." Id., ¶ 21. Thus, the plaintiff has alleged that the defendants' conduct — i.e., failing to conduct a reasonable investigation based upon all evidence available, and refusing to honor the claim for a reason unspecified in the contract even though there is no issue of fact that the claim is covered by the contract — was in bad faith and in reckless disregard of the plaintiff's rights. The court concludes, construing the complaint most favorably to sustaining its sufficiency, that the plaintiff has alleged facts sufficient to state a cause of action for breach of covenant of good faith and fair dealing. See L. F. Pace Sons, Inc. v. Travelers IndemnityCo., supra, 9 Conn. App. 47-49. If the defendants failed to consider all the available evidence when they conducted their investigation and denied a claim that was clearly covered by the policy, it would raise a question as to whether the defendants acted in good faith.
C. Fourth Count — CUTPA violation
The defendants argue that the fourth count, alleging a violation of CUTPA, should be stricken because the plaintiff has failed to allege that the defendants' conduct constituted a general business practice.
The plaintiff amended paragraph 19 of the fourth count[3] to allege that "[t]he defendant has engaged in unfair and/or deceptive acts and practices in violation of Section 38a-815, et seq. of the Connecticut General Statutes, and has done so with such frequency as to indicate a general business practice. . . ." See Request for Leave to Amend Complaint (#108) and attached amendment. Accordingly, the court finds that the plaintiff has alleged that the defendants engaged in the conduct with such frequency as to indicate a general business practice.
III. CONCLUSION
CT Page 9295
The court finds that CUIPA does not provide a private right of action. Accordingly, the defendants' motion to strike the second count is granted.
The court further finds that the plaintiff has set forth allegations sufficient to state a cause of action for breach of implied covenant of good faith and fair dealing. Accordingly, the defendants' motion to strike the third count is denied.
Finally, the court finds that the plaintiff has alleged that the defendants engaged in the alleged wrongful conduct with such frequency as to indicate a general business practice. Accordingly, the defendants' motion to strike the fourth count is denied.