[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO STRIKE (DOCKET ENTRY NO. 101.00)
On May 8, 1997, the plaintiffs, Thomas and Viola Burnside, filed a four-count complaint against the defendant, Nationwide Mutual Insurance Company The plaintiffs allege that, on August 22, 1996, they sustained personal injuries as a result of a motor vehicle accident. The plaintiffs also allege that they were insured under the defendant's insurance policy Count one sets forth a claim for breach of contract. Count two asserts that the defendant acted in bad faith and breached its covenant of good faith and fair dealing. Count three alleges that the defendant violated the Connecticut Unfair Insurance Practices Act (CUIPA). Count four alleges that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA).
On June 9, 1997, the defendant filed a motion to strike and a supporting memorandum. The defendant moves to strike counts two, three, and four on the ground that they fail to state claims upon which relief can be granted. The plaintiff filed a memorandum of law in opposition on June 18, 1997.
A motion to strike may be used to test the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Faulkner v. United TechnologiesCorporation, 240 Conn. 576, 580, ___ A.2d ___ (1997). When considering a motion to strike, the court must accept as true all facts that are well pleaded and construe the complaint in the light most favorable to the nonmoving party. Sassone v. Lepore,226 Conn. 773, 779-80, 629 A.2d 557 (1993). The trial court must take the facts to be those alleged in the complaint and cannot consider any facts not therein alleged. Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348-49, 576 A.2d 149 (1990). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must be denied. Bouchard v. People'sBank, 219 Conn. 465, 471, 594 A.2d 1 (1991). CT Page 8287
The defendant moves to strike count two on the ground that it fails to allege sufficient facts to support the plaintiffs' claim that the defendant acted in bad faith and breached its covenant of good faith and fair dealing. The defendant also moves to strike counts three and four on the ground that they fail to allege valid claims under CUIPA and CUTPA. The plaintiffs counter that counts two, three, and four allege sufficient facts to support their claims that the defendant acted in bad faith and violated CUIPA and CUTPA.
As to Count Two of the plaintiff's complaint, the Connecticut Supreme Court has held that there is an implied covenant of good faith and fair dealing in insurance contracts.Buckman v. People Express, Inc., 205 Conn. 166, 170,530 A.2d 596 (1987). "[G]ood faith and fair dealing mean an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud, and [fidelity] to one's duty or obligation . . . ." Id., 171. "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." L.F. Pace Sons Inc. v.Travelers Indemnity Co., 9 Conn. App. 30, 46, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986). "[T]he examination of good faith and fair dealing in the settling of an insurance claim requires a case-by-case analysis." Verrastro v.Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693 (1988).
The defendant properly notes that proof of bad faith requires more than an allegation that an insurer refused to pay a claim. However, the plaintiffs' complaint goes beyond the bare assertion that the defendant failed to pay a claim. Count two, paragraph six of the plaintiffs' complaint alleges that "[t]he defendant has acted in bad faith and breached its covenant of good faith and fair dealing with the plaintiffs in that it:
a. Committed unfair settlement practices by not attempting in good faith to effectuate prompt, fair and equitable resolution of the plaintiffs' claim for basic reparations benefits;
b. Compelled the plaintiffs to institute litigation to recover amounts due under the insurance contract; and
c. Failed to reasonably, promptly and adequately investigate plaintiffs' claim for basic reparations benefits." CT Page 8288
Construing these allegations most favorably to sustaining their sufficiency, the court concludes that the plaintiffs have asserted a valid claim for breach of the implied covenant of good faith and fair dealing. In Genovese Enterprises v. SphereDrake Ins., Superior Court, judicial district of Waterbury, Docket No. 128855 (September 9, 1996, Pellegrino, J.) (17 Conn. L. Rptr. 557), the plaintiff alleged that its insurer violated the covenant of good faith and fair dealing. To support its claim, the plaintiff alleged that the defendant insurer "on several occasions failed to acknowledge and act with reasonable promptness in response to communications from the plaintiff. The defendant failed on several occasions to conduct a reasonable investigation into this loss. The defendant on several occasions failed to promptly provide a reasonable explanation of the basis in the insurance policy for the denial of payment for the loss. The defendant has refused to pay the monies due under the policy for this loss." Id., 558. The court held that these allegations supported a claim for breach of the implied covenant of good faith and fair dealing. See also Brothers v. American Home Assurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.) (15 Conn. L. Rptr. 4) (the plaintiff's allegations that his insurer failed to conduct a reasonable investigation of his claim, denied his claim for a reason not permitted by the insurance policy, and refused to pay benefits payable to him under the policy established a valid claim for breach of the covenant of good faith and fair dealing); Candido v. Worcester Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 343978 (April 18, 1995, Gray, J.) (14 Conn. L. Rptr. 73) (the plaintiff asserted a legally sufficient claim for breach of the covenant of good faith and fair dealing by alleging that the insurance company failed to settle the plaintiff's claim despite its duty to do so, refused to pay all or part of the claim, investigated the plaintiff's loss in a manner designed to harass and intimidate her, compelled a member of the plaintiff's family to give a sworn statement under oath, denied coverage for the plaintiff's claims without a reasonable basis, and forced the plaintiff to file a lawsuit against the insurer). The allegations in the foregoing cases are similar to those asserted by the plaintiffs in the present case. Therefore, the defendant's motion to strike count two is denied.
As to Count Three of the plaintiff's complaint, the CT Page 8289 defendant argues that count three should be stricken because the plaintiffs may not assert a private cause of action under CUIPA. The Connecticut Supreme Court has not decided whether CUIPA authorizes a private right of action. See Lees v. Middlesex Ins.Co., 229 Conn. 842, 847 n. 4, 643 A.2d 1282 (1994); Mead v.Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986); Griswold v.Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12, 442 A.2d 920
(1982). Several superior courts have held that a private right of action exists under CUIPA See, e.g., Agency Rent A Car v.ITT Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 530573 (September 26, 1994, Corradino, J.); Polchlopek v. Aetna Life Ins. Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 530360 (June 3, 1994, Hennessey, J.) (9 C.S.C.R. 658); Covino v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 107889 (July 20, 1993, Sullivan, J.);Schott v. Great American Ins. Co., Superior Court, judicial district of New London at New London, Docket No. 526057 (September 1, 1993, Hendel, J.) (8 C.S.C.R. 988); Sansone v.Esis, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 327409 (January 4, 1993, Maiocco, J.) (8 C.S.C.R. 248).
Other courts, however, have ruled that CUIPA does not authorize a private cause of action. See, e.g., Brothers v.American Home Assurance Co., supra, 15 Conn. L. Rptr. 4; C MTechnology Inc. v. The Travelers Ins. Co., Superior Court, judicial district of Middlesex, Docket No. 072968 (April 5, 1995, Stanley, J.) (14 Conn. L. Rptr. 32); Infinity Ins. Companyv. Tompkins, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 459958 (November 28, 1994, Berger, J.); White v. Nationwide Mutual Fire Ins., Superior Court, judicial district of Waterbury, Docket No. 118633 (November 14, 1994, Flynn, J.); King v. Ehorn, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 044381 (November 17, 1993, Rush, J.).
"Construction of a statute is a question of law for the court." North Haven v. Planning Zoning Commission,220 Conn. 556, 561, 600 A.2d 1004 (1991) "In the construction of a statute, no word should be treated as superfluous or insignificant." Lees v. Middlesex Ins. Co., 219 Conn. 644, 652,594 A.2d 952 (1991). Courts should "ordinarily decline to read into statutes provisions not clearly stated." Id. In determining the effect of a statute, courts should be "guided by CT Page 8290 well defined principles of statutory interpretation that require [them] to ascertain and give effect to the apparent intent of the legislature." State v. Blasko, 202 Conn. 541, 553,522 A.2d 753 (1987). "In doing so, we look first to the plain, unambiguous language of the statute. . . . Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute" (Citation omitted; internal quotation marks omitted.) Black v. London Egazarian Associates, Inc., 30 Conn. App. 295, 300,620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993).
Based upon the foregoing rules, this court concludes as some other Connecticut courts that CUIPA does not provide a private right of action. CUIPA is not ambiguous and does not expressly provide for a private cause of action. See General Statutes §§ 38a-815 et seq.; Brothers v. American Home AssuranceCo., supra, 15 Conn. L. Rptr. 5; C M Technology, Inc. v.Travelers Ins. Co., supra, 14 Conn. L. Rptr. 34. Its express terms reveal that it is a regulatory act that authorizes the insurance commissioner to investigate whether the act has been violated. See General Statutes §§ 38a-815 et seq.;[1] Brothersv. American Home Assurance Co., supra, 15 Conn. L. Rptr. 5-6; C M Technology Inc. v. Travelers Ins. Co., supra,14 Conn. L. Rptr. 34. CUIPA also establishes an administrative process whereby the state insurance commissioner may deal with alleged CUIPA violations. See General Statutes § 38a-817; Brothers v.American Home Assurance Co., supra, 15 Conn. L. Rptr. 6; C MTechnology, Inc. v. Travelers Ins. Co., supra,14 Conn. L. Rptr. 34.
An examination of CUTPA lends credence to the argument that CUIPA does not authorize a private right of action. Brothers v.American Home Assurance Co., supra, 15 Conn. L. Rptr. 6; C MTechnology Inc. v. Travelers Ins. Co., supra,14 Conn. L. Rptr. 34. General Statutes § 42-110g(a) expressly provides for a private cause of action under CUTPA. CUIPA, by contrast, contains no such provision. Moreover, General Statutes § 42-110b(d) states that "[i]t is the intention of the legislature that [CUTPA] be remedial and be so construed."
Accordingly, the defendant's motion to strike count three is granted.
As to Count Four of the plaintiff's complaint, the defendant argues that count four should be stricken because the CT Page 8291 plaintiffs' CUTPA claim is based upon a violation of CUIPA and since their CUIPA claim fails to state a claim upon which relief may be granted, their CUTPA claim must also fail. The defendant does not provide any reasons or authority to support its argument. The defendant apparently believes that because CUIPA does not authorize a private right of action, the plaintiffs may not base their CUTPA claim on a CUIPA violation. The defendant properly notes, however, that the Connecticut Supreme Court has held that a private cause of action may be asserted under CUTPA to enforce alleged CUIPA violations. See Mead v. Burns, supra,199 Conn. 663, 665-66. Moreover, "[w]here an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." (Internal quotation marks omitted) Commission on Human Rights Opportunities v.Truelove Maclean, Inc., 238 Conn. 337, 344 n. 11,680 A.2d 1261 (1996). Consequently, for all of the foregoing reasons, defendant's motion to strike count four is denied.
In summary, defendant's motion to strike counts two and four is hereby DENIED; defendant's motion to strike count three is hereby GRANTED.
MELVILLE, J.