[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKEFACTUAL BACKGROUND
In her complaint, dated July 9, 1997, the plaintiff, Mandy Ferriolo, alleges that while driving her car on March 12, 1996, she was struck by another motor vehicle, causing her to sustain injuries and damages. (Complaint, ¶¶ 1, 2.) The plaintiff further alleges that at the time of the collision, she was insured by the defendant, Nationwide Mutual Insurance Company. (Complaint, ¶ 3.) The plaintiff brings this cause or action to contest the manner in which her claim for her injuries and damages was handled by the defendant.
In the second count of her complaint, the plaintiff alleges that the defendant has failed to render appropriate payments under the insurance policy, in violation of General Statutes § 38a-816 ("CUIPA").[1] In the third count, the plaintiff alleges a breach of the covenant of good faith and fair dealing. Finally, in the fourth count, the plaintiff alleges a violation CT Page 2564 of General Statutes § 42-110b ("CUTPA") premised upon the alleged CUIPA violation set forth in the second count.[2]
The defendant, on October 28, 1997, filed a motion to strike count two on the ground that CUIPA does not authorize a private cause of action, count three on the ground that bad faith is not shown merely from refusing to pay an insurance claim, and count four on the ground that the plaintiff has insufficiently pleaded the business frequency requirement of a CUTPA violation. The plaintiff opposes the defendant's motion, arguing that she has pleaded legally sufficient facts in counts two, three, and four to state claims for which relief may be granted.
LEGAL DISCUSSION
The present case is controlled by this court's previous ruling inBrothers v. American Home Assurance Co., Superior Court, judicial district of New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.) (15 Conn. L. Rptr. 4). The issues presented inBrothers v. American Home Assurance Co., regarding the propriety of a motion to strike allegations of a violation of CUIPA, bad faith, and a violation of CUTPA premised on the alleged CUIPA violation, are substantially similar to the issues of the present case.
I. Second Count — CUIPA violation
The defendant moves to strike the second count of the complaint on the ground that General Statutes § 38a-816 does not provide for a private cause of action. The plaintiff, in opposition to the motion to strike, argues that our appellate courts have upheld a private cause of action under CUIPA.
Neither our Supreme Court, nor our Appellate Court, has explicitly addressed the issue presented; rather, these courts have reserved judgment as to whether CUIPA recognizes a private cause of action. See Lees v. Middlesex Ins. Co., 229 Conn. 842,847 n. 4, 643 A.2d 1282 (1994); Mead v. Burns, 199 Conn. 651, 657
n. 5, 509 A.2d 11 (1986); Griswold v. Union Labor Life Ins. Co.,186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982). As a result, there is a split of authority amongst the superior courts regarding whether a private cause of action can be brought under CUIPA. SeeJoseph v. Hannan Agency. Inc., Superior Court, judicial district of Danbury, Docket No. 323310 (January 9, 1997, Moraghan, J.), n. 2 (detailing split of authority in superior courts). In CT Page 2565Brothers v. American Home Assurance Co., supra,15 Conn. L. Rptr. 4, this court, noting the absence of appellate authority and the split in authority amongst the superior court judges, ruled that CUIPA did not provide for a private cause of action. Accordingly this court will strike count two of the plaintiff's complaint in accordance with its prior ruling in Brothers v. American HomeAssurance Co., supra, 15 Conn. L. Rptr. 4.
II. Third Count — Bad faith claim
The defendant moves to strike the third count on the ground that "refusing to pay a claim, in and of itself, is not bad faith. . . ." The defendant argues that "[p]roof of bad faith requires the extraordinary showing of disingenuous or dishonest failure to carry out a contract." (Defendant's Memorandum, dated 10/23/97.) The plaintiff opposes the motion to strike on the ground that she has pleaded sufficient facts to support a cause of action for breach of the implied covenant of good faith and fair dealing.
"The implied covenant of good faith and fair dealing has been applied by [the Connecticut Supreme Court] in a variety of contractual relationships, including . . . insurance contracts.' (Internal brackets omitted.) Verrastro v. Middlesex Ins. Co.,207 Conn. 179, 190, 540 A.2d 693 (1988). It is manifest that . . . in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is immanent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort.' L.F. Pace Sons. Inc. v. Travelers IndemnityCo., 9 Conn. App. 30, 46, 514 A.2d 766 cert. denied,201 Conn. 811, 516 A.2d 886 (1986). [T]he examination of good faith and fair dealing in the settling of an insurance claim 'requires a case-by-case analysis.' Verrastro v. Middlesex Ins. Co., supra,207 Conn. 190." Brothers v. American Home Assurance Co., supra,15 Conn. L. Rptr. 6.
Proof of bad faith, however, "requires more than an allegation that an insurer refused to pay a claim." Burnside v.Nationwide Mutual Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343068 (September 18, 1997, Melville, J.). Connecticut trial courts have reasoned that plaintiffs must plead facts that go beyond a simple breach of CT Page 2566 contract claim and enter into a realm of tortious conduct which is motivated by a dishonest or sinister purpose. Compare Blair v.Titan Sports. Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138441 (January 24, 1996, Tobin, J.) (legally insufficient pleading for bad faith claim); McCrea v. Louis Dreyfus Corp., Superior Court, judicial district of Danbury, Docket No. 316358 (September 28, 1994, Stodolink, J.) (mere allegations of bad faith are insufficient to support cause of action on that theory); with Brothers v.American Home Assurance Co., supra, 15 Conn. L. Rptr. 4 (pleading defendant's failure to conduct reasonable investigation and pay claim covered by contract legally sufficient to allege bad faith).
Here the plaintiff's claim of bad faith is similar to that inBrothers v. American Home Assurance Co., supra,15 Conn. L. Rptr. 4. In that case, as in the present case, the plaintiff alleged that the defendant's conduct was in bad faith and in disregard of the plaintiff's rights. Here, for example, similar to Brothers v.American Home Assurance Co., the plaintiff pleaded that the defendant failed to pay her claims without conducting reasonable investigation; failed to promptly provide a reasonable explanation or documentation for refusing to pay the claim; and failed to respond with reasonable promptness to the plaintiff's communications. In Brothers, this court found similar allegations legally sufficient to support a claim of bad faith. In the present case, construing the facts most favorably to sustaining the complaint, the plaintiff has alleged sufficient facts to state a cause of action for breach of the implied covenant of good faith and fair dealing. Id.; Burnside v. Nationwide MutualIns. Co., supra, Docket No. 343068.[3]
III. Fourth Count — CUTPA violation
The defendant argues that count four, which alleges a CUTPA violation based upon a violation of CUIPA, should be stricken because the plaintiff has failed to state a CUIPA claim upon which relief may be granted. Our Supreme Court, however, has held that a private cause of action may be asserted under CUTPA to enforce alleged CUIPA violations. See Mead v. Burns, supra,199 Conn. 665-66; Burnside v. Nationwide Mutual Ins. Co., supra, Docket No. 343068. The defendant correctly notes that a CUTPA violation premised on CUIPA requires allegations of sufficient facts to demonstrate a "general business practice." Lees v.Middlesex Insurance Co., supra, 229 Conn. 849. In Brothers v.CT Page 2567American Home Assurance Co., supra, 15 Conn. L. Rptr. 4, this court upheld the CUTPA claim premised on an alleged violation of CUIPA, where it was alleged in the complaint that "[t]he defendant has engaged in unfair and/or deceptive acts and practices in violation of Section 38a-815 . . . and has done so with such frequency as to indicate a general business practice."'
Here, the plaintiff has alleged facts pertaining to the defendant's handling of her claim, and the claims of three other people.[4] These facts are sufficient to support the allegation that the defendant's conduct is a general business practice. Therefore, construing the facts most favorably to sustaining the sufficiency of the complaint, this court will deny the motion to strike the fourth count of the complaint.
CONCLUSION
Based on the foregoing, the defendant's motion to strike (#104) will be granted in part and denied in part. With respect to the alleged CUIPA violation pleaded in the second count, the motion is granted; with respect to counts three and four, claims of bad faith and violation of CUTPA, respectively, the motion is denied.
So ordered.
Micheal Hartmere Judge of the Superior Court