[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Anne T. Nuzzo, seeks damages for injuries she claims she sustained in a motor vehicle accident. She alleges that at the time of the collision, she was insured by the defendant, Nationwide Mutual Insurance Company, and she has brought this complaint to contest the manner in which the defendant handled her claim.
The first count of her complaint alleges that the defendant breached the insurance contract by failing to pay the medical bills she incurred as a result of the accident. The second count plaintiff alleges that the defendant has failed to render appropriate payments under the insurance policy, in violation of General Statutes § 38a-816 ("CUIPA").[1] In the third count, the plaintiff alleges d breach of the covenant of good faith and fair dealing, and court four asserts a violation of General Statutes § 42-110 ("CUTPA") premised upon the alleged CUIPA violation set forth in the second count.[2]
On January 16, 1997, the defendant had filed a request to revise the complaint,[3] and on April 10, 1997, the plaintiff filed an amendment to her complaint which rephrased paragraph VI, applicable to the second, third and fourth counts of the complaint.[4]
The defendant has now moved to strike count two on the ground that CUIPA does not authorize a private cause of action. The defendant also moves to strike count four on the ground that the plaintiff has only alleged a single act as the basis for the claimed CUTPA violation. Finally, the defendant moves to strike the plaintiff's claim for punitive or exemplary damages, attorney's fees and interest on the ground that there is no basis for such damages.
The purpose of a motion to strike is to contest the legal CT Page 8341 sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996); Novametrix Medical Systems. Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Waters v.Autuori, supra, 236 Conn. 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
I. Second Count — CUIPA Violation
The defendant moves to strike the second count of the complaint on the ground that General Statutes § 38a-816 does not provide for a private cause of action. Neither our Supreme Court nor Appellate Court have explicitly addressed the issue presented. See Lees v. Middlesex Ins. Co., 229 Conn. 842, 847
n. 4, 643 A.2d 1282 (1994); Mead v. Burns, 199 Conn. 651, 657 n. 5,509 A.2d 11 (1986); Griswold v. Union Labor Life Ins. Co.,186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982). As a result, there is a split of authority among the superior courts regarding whether a private cause of action can be brought under CUIPA. See Josephv. Hannan Agency. Inc., Superior Court, judicial district of Danbury, Docket No. 323310 (January 9, 1997, Moraghan, J.), n. 2 (detailing split of authority amongst superior courts).
In Gonzalez v. Lewis Services, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 245151 (March 31, 1995, Silbert, J.), the undersigned, noting the absence of appellate authority and the split in authority amongst the superior court judges, ruled that CUIPA does not provide for a private cause of action. In the absence of persuasive authority to the contrary since then, this court will follow the reasoning contained in its prior ruling and strike count two of the plaintiff's complaint.
II. Fourth Count — CUTPA Violation
Our Supreme Court has held that a private cause of action may be asserted under CUTPA to enforce alleged CUIPA violations. SeeMead v. Burns, supra, 199 Conn. 665-66; Burnside v. NationwideMutual Ins. Co., supra, Docket No. 343068. The defendant correctly notes that a CUTPA violation premised on CUIPA requires allegations of sufficient facts to demonstrate a "general CT Page 8342 business practice." Lees v. Middlesex Insurance Co., supra,229 Conn. 849. In Brothers v. American Home Assurance Co., the trial court upheld a CUTPA claim premised on an alleged violation of CUIPA, where it was alleged in the complaint that" `[t]he defendant has engaged in unfair and/or deceptive acts and practices in violation of Section 38a-815 . . . and has done so with such frequency as to indicate a general business practice."Brothers v. American Home Assurance Co., Superior Court, judicial district of New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.) (15 Conn. L. Rptr. 4); cf. Ortilia v. LibertyInsurance Corp., Superior Court, judicial district of New Haven, Docket No. 388981 (April 15, 1997, Fracasse, J.) (striking CUIPA count where plaintiff failed to allege defendant engaged in unfair practices regarding processing claims of other insureds);Delmastro v. Hartford L. Accident Ins., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336201 (April 8, 1997, Melville, J.) (striking CUIPA and CUTPA claims on grounds that plaintiff only alleged facts relating to her own claim and that her allegations regarding general business practice of defendant were conclusory).
The defendant moves to strike count four, which alleges a CUTPA violation based upon a violation of CUIPA, on the ground that a single violation of General Statutes § 42-110a, etseq., is a legally insufficient claim upon which relief may be granted. The plaintiff, however, has alleged facts pertaining not only to the defendant's handling of her own claim, but also to allegedly similar claims of two other people.[5] For purposes of a motion to strike, these allegations are sufficient to support the claim that the defendant's conduct in this case is part of a general business practice. Indeed, nearly identical allegations of unfair business practices have survived a motion to strike by this same defendant in another civil action in this judicial district. See Ferriolo v. Nationwide Insurance, Superior Court, judicial district of New Haven at New Haven, Docket No. 403433 (March 11, 1998, Hartmere, J.) (identical allegations of improper claim processing naming Anne Nuzzo, Tamera Feuer, and Enrico Caruso).
The defendant also argues that the plaintiff has not specified the subsection of CUIPA that was allegedly violated. Practice Book § 109A (a) provides that" [w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Practice Book § 109A (a), now Practice Book (1998 Rev.) § 10-3 (a). Our CT Page 8343 Supreme Court, however. has held that the requirement of Practice Book § 109A is directory, rather than mandatory. Todd v.Glines, 217 Conn. 1, 11, 583 A.2d 1287 (1991); Rowe v. Godou,209 Conn. 273, 275, 550 A.2d 1073 (1988).
In addition, there is no Practice Book requirement that a party plead a specific subsection of a statute. See, Ortiz v.City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport. Docket No. 304643 (March 17, 1995, Levin, J.) ("There is no Practice Book requirement that a party plead a `clause' in a statute.") "As with general pleading requirements, the purpose underlying 109A (a) is to promot[e] the often expressed judicial policy of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court." (Citation omitted; internal quotation marks omitted.)Todd v. Glines, supra, 217 Conn. 11.
Although the plaintiff did not specify the exact subsections of CUIPA upon which she relies, her complaint fully informed the defendant that she was proceeding under CUIPA. She also specifically alleged that: "(a) The defendant has refused to pay claims without conducting a reasonable investigation based upon all of the available information; (b) The defendant has failed to promptly provide a reasonable explanation and/or documentation of the basis in the policy in relation to the facts and applicable law for its refusal to pay the insured's claim. . . .; (c) The defendant has failed to acknowledge and act with reasonable promptness. . . .; (d) The defendant has not attempted in good faith to [e]ffectuate prompt[,] fair and equitable settlement. . . ." (Amended complaint, ¶ VI.) These allegations substantially track the language of General Statutes § 38a-816 (6)(b), (d), (e) and (f). Accordingly, this argument in support of the defendant's motion to strike is without merit.
The motion to strike the fourth count of the complaint is therefore denied.
III. Claims for Relief
The defendant moves to strike the plaintiff's claim for punitive or exemplary damages, attorney fees and interest pursuant to § 38-333 (b),[6] arguing that if the plaintiff's CUIPA and CUTPA claims fail, then there is no basis CT Page 8344 for these types of damages. In light of the decision to deny the motion to strike as to the fourth count, that motion must also be denied as to these claims for relief.
In summary, the motion to strike is granted as to count two but denied as to count four and as to the claims for relief.
Jonathan E. Silbert, Judge