[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF NOVEMBER 9, 1999 RULINGS STRIKING A CUIPA CLAIM AND DECLINING TO STRIKE A CUTPA CLAIM
Plaintiff Claude Lee and defendant Scottsdale Insurance Company have each filed motions for articulation as to this court's ruling on defendant's motion to strike counts two and three of plaintiff's amended complaint sounding in CUIPA and CUTPA, respectively. This court ruled on November 9, 1998 that with respect to motion to strike # 105, the motion to strike the CUIPA claim was granted and the motion to strike the CUTPA count was denied. Pursuant to Practice Book § 10-43, the court now offers the following articulation of its ruling.
 A. Count Two: CUIPA
The second count of the plaintiff's amended complaint is based on the existence of a private right of action under CUIPA. Our Supreme Court has repeatedly reserved decision as to whether a private right of action exists under CUIPA. See Napoletano v.Cigna Healthcare of Connecticut Inc., 738 Conn. 216, 221 n. 5,680 A.2d 127, cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1996); Lees v. Middlesex Ins. Co., 229 Conn. 847, 847 n. 4,643 A.2d 1282 (1994); Mead v. Burns, 199 Conn. 651, 657 n. 5,509 A.2d 11 (1986); Griswold v. Union Labor Life Ins. Co.,186 Conn. 507, 521 n. 12, 442 A.2d 920 (1982). Superior courts are split as to whether such a private right of action exists under the statute. See Joseph v. Hannan Agency, Inc., Superior Court, judicial district of Danbury, Docket No. 323310 (January 9, 1997, CT Page 1446Moraghan, J.) (18 Conn. L. Rptr. 552), and cases cited therein.
In Allessa v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J.) (17 Conn. L. Rptr. 317), the court held that "[t]here is no express authority under CUIPA for a private cause of action. . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices." Id., 319. Moreover, "the Supreme Court has explicitly held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations. . . . In light of the existing remedy to redress a CUIPA violation, and the unlikelihood that the legislature intended two statutory causes of action to redress the same conduct, there is no private cause of action under CUIPA." Langlias v. Guardian Life Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252826 (July 7, 1992, Lewis, J.) (7 Conn. L. Rptr. 34, 36).
In accordance with the above rulings, this court granted the motion to strike the second count of the plaintiff's complaint on the ground that there is no private cause of action under CUIPA. In light of this determination, there is no need for this court to address the alternate ground raised by the defendant that the plaintiff failed to allege more than a single instance of insurer misconduct to support his CUIPA allegations in this count.
 B. Count Three: CUTPA
Our Supreme Court has held that a private cause of action may be asserted under CUTPA to enforce alleged CUIPA violations. SeeMead v. Burns, supra, 199 Conn. 665-66. The defendant correctly notes that a CUTPA violation premised on CUIPA requires allegations of sufficient facts to demonstrate a "general business practice." Lees v. Middlesex Insurance Co., supra,229 Conn. 849.
In Brothers v. American Home Assurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.) (15 Conn. L. Rptr. 4), the court upheld a CUTPA claim premised on violation of CUIPA, where it was alleged in the complaint that "[t]he defendant has engaged in unfair and/or deceptive acts and practices in violation of Section 38a-815, et seq. of the Connecticut General Statutes, and has done so with such frequency as to indicate a general business CT Page 1447 practice." Id., 7. In Brothers, although the court found that the plaintiff's CUIPA count was legally insufficient because there was no private cause of action for CUIPA, alleged violations of CUIPA could be brought under the CUTPA statute. Id., 6. Here, the plaintiff has alleged: "The Defendant . . . has engaged in [violations of CUIPA] with such frequency and regularity, in dealing with other insureds and other claimants, so as to constitute a general business practice of the Defendant . . . of engaging in unfair settlement practices" (Amended Complaint, Count Three 1116). When ruling on a motion to strike, the court takes the facts alleged in the plaintiff s complaint and construes the complaint in the manner most favorable to the plaintiff. This includes facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992). The plaintiff has alleged sufficient facts to support a claim under CUTPA, and the motion to strike count three is denied.
______________________ NADEAU, J.