[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
This is a suit on an insurance policy brought by the plaintiff, Ralph A. Gaudio ("Gaudio") against the defendant Nationwide Mutual Insurance Co. ("Nationwide"). Gaudio's complaint alleges in the First Count, that Nationwide breached its contract of insurance by denying coverage to Gaudio a loss suffered as a result of personal injuries sustained in an automobile accident; in the Second Count, Nationwide's conduct violated the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-816 ("CUIPA") and in the Third Count, that Nationwide's conduct violated the Connecticut Unfair Trade Practices Act, § 42-110b ("CUTPA"). In his claim for relief, Gaudio seeks, inter alia, punitive damages. Nationwide has moved to strike the Second Count of the complaint on the ground that General Statutes § 38a-816 ("CUIPA") does not authorize a private cause of action, and has also moved to strike the claim for CT Page 6694 punitive or exemplary damages on the ground that the complaint fails to plead any basis for this type of relief.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 10-39. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Armore v. Frankel,228 Conn. 358, 372-73 (1994). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id., 215.
The issue of whether CUIPA authorizes a private cause of action has not been specifically ruled upon by either the Connecticut Supreme Court or the Connecticut Appellate Court. The trial courts are split on the issue. See Infinity Ins. Co. v.Tompkins, CV 94-0459958 (J.D. Hartford, Nov. 28, 1999) (Berger, J.) and cased collected therein. This court agrees with the reasoning of those cases concluding that CUIPA does not provide for a private cause of action. See e.g. Infinity Ins. Co. v.Tompkins, supra; C M Technology, Inc. v. The Travelers Ins.Co., 14 Conn. L. Rptr. 34 (J.D. Middlesex, April 5, 1995) (Stanley, J.); Brothers v. American Home Assurance Co.,15 Conn. L. Rptr. 4 (J.D. New Haven, August 25, 1995) (Hartmere, J.). The thread that flows through the above cases and others is that the CUIPA statute is regulatory in nature authorizing the Commissioner of Insurance to enforce its provisions, and further that the language of the statute does not expressly provide for a private cause of action nor can such a cause of action be inferred from the statutory language. See King v. Einhorn,8 CSCR 1299, 1300, 1993 CT. Case Base 9289 (J.D. Ansonia — Milford, Nov. 17, 1993) (Rush, J.). Accordingly, the motion to strike the second count is granted.
With respect to the motion to strike the claim for punitive damages, the court notes that Count Three alleges a violation of General Statutes § 42-110b (CUTPA). CUTPA provides for the award of punitive damages. See § 42-110g(a). Accordingly, Gaudio has pleaded a basis for the punitive damages claim and the motion to strike the claim for punitive damages is denied. CT Page 6695
So Ordered at New Haven, Connecticut this 20th day of May, 1999.
Devlin, J.